Earl NIECE, Jr., Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–283A49.

Court of Appeals of Indiana,
Second District.

Dec. 14, 1983.

 ☞996(2)

Scott L. Webb, Anderson, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge (Writing by Designation).

## STATEMENT OF THE CASE

Earl Niece appeals the judgment of the Madison Superior Court Division 1, granting the state's motion to correct errors, vacating his guilty plea and sentencing, reinstating both counts of the information and the pleas of not guilty previously entered, and setting the case for trial. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Niece was charged in Count I with forgery, a class C felony,[1] and in Count II with theft, a class D felony.[2] The information was filed on December 21, 1981. Thereafter, on March 1, 1982, a plea agreement was entered into whereby Niece would enter a guilty plea to the forgery count, the state would dismiss the theft count, and the state would recommend a five (5) year sentence on the forgery count[3] with all but 30 days suspended. On March 15, 1982, the court accepted the plea agreement and sentenced Niece to five (5) years on the forgery count,

with 30 days executed and the balance suspended. The theft charge was dismissed by the state.

On April 6, 1982, the state filed a motion to correct errors asserting fraud by Niece in that he told the probation officer he had no prior felony convictions,[4] and that Niece in fact had prior unrelated felony convictions. After several continuances, hearings were held on the state's motion to correct errors. At the hearing held on July 26, 1982, the probation officer testified that he could not state under oath that he asked if Niece had any prior felony convictions and that Niece answered in the negative. At a further hearing on November 29, 1982, the state proved a prior conviction of Niece for forgery in 1959.

The trial court then granted the state's motion, vacated the guilty plea and sentencing, reinstated both counts of the information and Niece's pleas of not guilty thereto, and set the case for trial.

## ISSUES

The issues raised in this appeal, which we have renumbered and restated in the interests of clarity, are:

1. Did the court have the power to vacate the original sentencing?

2. Did the court's action violate the protection against double jeopardy?

3. Did the court have the power to reinstate the dismissed theft count?

4. Was the state's motion to correct errors so deficient procedurally that the court could not correct its sentencing error?

5. Was the corrective action of the trial court proper?

## DISCUSSION AND DECISION

*Issues One and Two*

■ The fixing of penalties for crimes is the sole prerogative of the legislature, ·

---

1. Indiana Code section 35–43–5–2.

2. Indiana Code section 35–43–4–2.

3. Pursuant to Indiana Code section 35–50–2–6 the presumptive sentence for a class C felony is five (5) years.

4. The probation officer's pre-sentence investigation report did not reflect any prior felony convictions.

not the trial courts. *Bond v. State,* (1980) Ind., 403 N.E.2d 812. Although vested with broad discretion in sentencing, a trial judge is required to act within statutorily prescribed limits. *Rife v. State,* (1981) Ind. App., 424 N.E.2d 188; *Barnett v. State,* (1981) Ind.App., 414 N.E.2d 965. Thus, a sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence. *State v. Fry,* (1979) 61 Hawaii 226, 602 P.2d 13. When a trial judge goes beyond the bounds set by the appropriate sentencing statute, that judge has exceeded the utmost reach of discretion. *United States v. Denson,* (5th Cir.1979) 603 F.2d 1143.

■ The applicable sentencing statute at the time of Niece's sentencing forbade suspension of a sentence of a person who had a prior unrelated felony conviction. Indiana Code section 35–50–2–2.[5] Thus, the sentence originally imposed by the trial court contravened this statute and was an illegal sentence. The question then presented by this state of facts concerns the power and duty of the court to correct the erroneous sentence.

■ Our supreme court has said that "[t]he power of a court of record to correct erroneous sentences and to impose proper ones has long been recognized." *Williams v. State,* (1954) 233 Ind. 327, 332, 119 N.E.2d 547, 549. Where a trial court has erroneously suspended a sentence in violation of a statutory proscription, our supreme court has reversed and remanded for correction of the sentence stating that "the trial court had no authority to enter an order suspending [the defendant's] sentence and was limited to sentencing the defendant under the [applicable statute]." *State v. Palmer,* (1979) 270 Ind. 493, 498, 386 N.E.2d 946, 950. Indeed, it is the general, if not unanimous, rule that a trial court has the power to vacate an illegal sentence and impose a proper one which results in an increased sentence, and may do so even if the illegal

sentence has been partially executed. *Bozza v. United States,* (1947) 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; *Stuckey v. Stynchcombe,* (5th Cir.1980) 614 F.2d 75; *Denson; Thompson v. United States,* (1st Cir. 1974) 495 F.2d 1304; *State v. Fry; State v. Fountaine,* (1967) 199 Kan. 434, 430 P.2d 235; 21 Am.Jr.2d *Criminal Law* § 583 (1981). Further, imposition of the corrected sentence, under such circumstances, does not run counter to the prohibition against double jeopardy. *Bozza; Stuckey; Denson; Thompson; Fry.* Niece's double jeopardy argument is put to rest by the foregoing authorities. In addition, our supreme court has held that a defendant is not put in jeopardy by a void judgment and may be re-prosecuted on the charge. *Slack v. Grigsby,* (1951) 229 Ind. 335, 97 N.E.2d 145.

■ It makes no difference whether the sentencing error followed a trial or a guilty plea, the court has the power to correct the illegal sentence in either case. For example, *Palmer, Stuckey,* and *Fountaine,* are guilty plea cases. Neither does the length of time intervening between the original erroneous sentence and the correction affect the court's power to correct the sentencing error. In *Bozza,* the delay was but five hours. However, in *Fry* and *Fountaine,* the elapsed periods of time were seven years and six years, respectively. The delay of eight months here is inconsequential, particularly where the state sought correction within a matter of three weeks. Here, the court not only had the power to correct the erroneous sentence, it was its duty to do so. *Denson; Thompson.*

*Issue Three*

■ The trial court's *sua sponte* action in reinstating the theft count which had been dismissed by the state was erroneous. Criminal actions may be instituted only by action of the prosecuting attorney in filing an indictment or information. Indiana Code section 35–3.1–1–1.[6] Count II,

---

5. This statute has been amended to permit suspension in some cases depending upon the age of the prior felony and the class of the current felony.

6. Now Indiana Code section 35–34–1–1.

charging Niece with theft, had been dismissed by the prosecuting attorney. The trial court ordered dismissal upon the motion of the prosecutor as required by statute. Indiana Code section 35–3.1–1–13(a).[7] If Niece is to be re-prosecuted on the theft count, the prosecuting attorney must seek to re-file the charge under Indiana Code section 35–34–1–13(b), unless such re-filing might be barred under the theory of vindictive prosecution. *See Cherry v. State,* (1981) Ind., 414 N.E.2d 301, *cert. denied,* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033; *State v. Selva,* (1983) Ind.App., 444 N.E.2d 329. This issue not being before us, we will refrain from any comment upon the applicability of *Cherry* and *Selva* to the facts of this case. However, we reverse the trial court's order reinstating Count II.

*Issue Four*

Having determined that the trial court had the power, even the duty, to correct its sentencing error, we turn to the procedural method employed by the state in seeking correction and by the court in granting such relief.

Niece contends the state's use of the motion to correct errors was improper because the state had no statutory right of appeal. Consequently, in his view, the court could not grant the state's motion to correct errors. He contends the state, if it had a right to seek correction of the sentence, had to follow the procedure set forth in Indiana Code section 35–4.1–4–17 [8] which provides:

"Correction of an erroneous sentence. If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence shall be in writing and shall be supported by a memorandum of law specifically pointing out the defect in the original sentence."

Niece is correct in his assertion that the state can appeal only those matters specifically authorized by statute. *State v. Leslie,* (1980) Ind.App., 406 N.E.2d 1194; *State v. Holland,* (1980) Ind., 403 N.E.2d 832. Appeals by the state are authorized in those instances specifically enumerated in Indiana Code section 35–38–4–2. Sentencing errors are not included in that statute. However, we must observe that the state is not the appellant here, Niece is. The state merely filed a motion to correct errors as a procedural device for obtaining correction of an erroneous sentence.

While the state may not have chosen the proper procedural method to obtain sentence correction, or may have improperly titled its motion, our courts have not exalted form over substance in similar cases.

In *Palmer,* the trial court suspended a first degree burglary sentence. Under the statute then in force, first degree burglary was a non-suspendable offense. The trial court held this statute unconstitutional. The state filed a motion to correct errors and appealed from the denial thereof. Our supreme court recognized the general rule that the state may appeal only when the defendant is acquitted, but said:

"To hold that this Court has no jurisdiction to act under these circumstances would appear to us to give meaning to the law, and to our pronouncements, that were never meant to be and that would tend to elevate form over substance in interpreting our law. It is the duty and jurisdiction of this Court to determine the constitutionality of the laws of this State."

270 Ind. at 496, 386 N.E.2d at 949.

The *Palmer* court then pointed out that it had issued writs of mandamus where trial courts refused to act in the manner required by law, observing further:

"It is true that this is not an application for a writ but is presented to us on a direct appeal by the State. If this question were raised in an original action filed

7. Now Indiana Code section 35–34–1–13(a).

8. Now Indiana Code section 35–38–1–15.

by the State, we certainly would have authority to hear it and, on authority of the cases above cited and the law as it is established, would, of course, issue the writ. We have the same jurisdiction and authority to do, in the case of an appeal, that which we may do in a case raised by original action. We therefore proceed to the merits of the State's appeal."

270 Ind. at 497, 386 N.E.2d at 949.[9]

In *Russell v. State,* (1979) Ind.App., 395 N.E.2d 791, the defendant was convicted of possession of more than 30 grams of marijuana. The court sentenced the defendant to two (2) years, suspending all but six (6) months. Defendant filed a motion to correct errors. The state also filed a motion to correct errors alleging a sentencing error in that the court could not suspend part of a sentence. The trial court granted the state's motion and modified the sentence to two years executed. Although this court held suspension of part of a sentence was proper and remanded for restoration of the original sentence, its comments in the procedural aspect of the case are pertinent here. The *Russell* court said:

"First, the State's motion to correct errors alleged, not that the trial court abused its discretion, but that it had no discretion in sentencing under the applicable statutes, clearly a question of law.

Second, while it is true that the State can appeal reserved questions of law under IC 1971, 35–1–4–2 [now Ind.Code § 35–38–4–2] only upon a defendant's acquittal, *State v. Eakins* (1976), [169 Ind. App. 390], 348 N.E.2d 681, the State in this case did not appeal nor [sic] attempt to appeal the judgment. A motion to correct errors is merely a condition to appeal under Ind.Rules of Procedure, Trial Rule 59(G).

The proper procedure to be followed by the State in challenging the alleged error in sentencing the defendant in the case at bar would have been to seek a writ of mandate. [Citations omitted.] A precondition to the application for a writ is a written motion brought to the attention of the trial court. Ind. Rules of Procedure for Original Actions, Rule (B)(1).

The trial court in the case at bar, denominated the State's motion a 'motion to correct errors and/or sentence', treated it as a motion under Rule (B)(1), and properly addressed it on the merits."

395 N.E.2d at 794–95.

Here, the state's motion to correct errors specified the alleged sentencing error with the degree of specificity required by the statute pertaining to correction of sentence (Ind.Code § 35–4.1–4–17, now § 35–38–1–15), and was accompanied by a memorandum of law as required by that statute. In addition, evidentiary hearings were had on the motion.[10] Niece's prior unrelated felony conviction which made him ineligible for suspension of his sentence was proven at the last evidentiary hearing.[11]

Just as in *Russell,* the court could have considered the state's motion to correct errors as a motion for correction of sentence.

---

**9.** In *State v. Holland,* (1980) Ind., 403 N.E.2d 832, our supreme court appears to have limited the holding in *Palmer* permitting a state appeal where there was not an acquittal to cases where a trial court declared a statute unconstitutional. This limitation would seem to have no application here because the state did not appeal, the defendant did.

**10.** Niece was present in person and by counsel for the July 26, 1982, evidentiary hearing. His counsel was present for the November 29, 1982, hearing but Niece failed to appear although his attorney had notified him by mail of the hearing date. Niece does not raise any issue concerning his absence at the latter hearing, and, under the facts of this case, cannot raise any such issue. *Faison v. State,* (1981)

Ind., 428 N.E.2d 784. A defendant may waive his right to be present by his failure to appear when he knows of his obligation to appear. *Id.* In *Faison,* the defendant's attorney stated he had given notice of the trial date and time to his client. Niece's attorney advised the court of his mailing notice of the hearing to his client.

**11.** Niece contends there was insufficient evidence presented to establish that he was the same person as the one previously convicted. His prison record from the previous conviction including his photograph and fingerprints were admitted into evidence. This was clearly sufficient to prove his identity as the same person who was the subject of the earlier conviction. *Bray v. State,* (1982) Ind., 443 N.E.2d 310.

Like our supreme court in *Palmer,* we will not elevate form over substance. The procedure employed here was not fatally defective.

*Issue Five*

██ Although we have established that the trial court had the authority to correct the sentencing error, we believe it would not have been appropriate, under the circumstances in this case, for the court to have imposed the proper sentence without giving Niece an opportunity to withdraw his guilty plea. We believe the overall voluntariness of his guilty plea is suspect because he entered that plea under a plea agreement which called for a suspension of sentence, albeit one which the court could not grant. *See State v. Hicks,* (1983) Ind., 453 N.E.2d 1014 (state properly could amend after guilty plea and prior to sentencing by adding an habitual offender count, but defendant should be allowed to withdraw his guilty plea).

Therefore, we reverse the court's judgment reinstating Count II of the information charging Niece with theft, affirm the granting of the state's motion to correct errors to correct the sentencing error as to Count I (forgery), and remand to the trial court with instructions to order Niece into court for the purpose of allowing him, if he so requests, to withdraw his plea of guilty to Count I and to proceed to trial thereon, or, if Niece does not wish to withdraw such guilty plea, to impose the proper sentence.

BUCHANAN, C.J., and SHIELDS, J., concur.