Donald Lea HOAGE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–484A99.

Court of Appeals of Indiana,
Second District.

July 11, 1985.

Rehearing Denied Aug. 12, 1985.

Ronald K. Smith, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

1. I.C. 35–42–2–1 (Burns Code Ed.1985).

SULLIVAN, Judge.

After a trial to the court, Donald Lea Hoage was convicted of battery, a class A misdemeanor.[1] Hoage received a one year sentence to the Indiana State Farm, all of which was suspended except for thirty days to be served in the Delaware County Jail. Additionally, Hoage was placed on five years "informal probation" and fined $300 and court costs. Hoage appeals and contests the sentence as well as the duration of the probation imposed.

We first note that our scope of review is set forth in Rules for the Appellate Review of Sentences, Rule 2:

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

The first question is whether the sentence was authorized by law. Indiana Code 35–50–3–2 (Burns Code Ed.1985) provides that "[a] person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one [1] year; in addition, he may be fined not more than five thousand dollars [$5,000]." This section clearly authorizes the imposition of the one year sentence. Indiana Code 35–50–3–1 (Burns Code Ed.1985) provides:

"(a) The court may suspend any part of a sentence for a misdemeanor.

(b) Whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under I.C. 35–7 [currently I.C. 35–38] for a fixed period of not more than one year."

This section authorizes the suspension of the eleven months of the prison sentence

but limits the possible probationary period to no more than one year. While a trial court judge has great discretion in sentencing, that discretion is limited by its grant of statutory authority. *Rife v. State* (1981) 3d Dist., Ind.App., 424 N.E.2d 188.

The state argues that I.C. 35–38–2–2 (Burns Code Ed.1985) provides the statutory authorization for the five year probationary period. That provision is as follows:

"(a) As conditions of the probation, the court may require the person to do any combination of the following:

*  *  *  *  *  *

(14) Satisy any other conditions reasonably related to his rehabilitation."

A general rule of statutory construction requires that courts implement the specific provisions of statutes over those of a general nature. *Higgins v. Hale* (1985) Ind., 476 N.E.2d 95. The "any other conditions" language is as general as could be conceived and does not supersede the one year limit on misdemeanor probation contained in I.C. 35–50–3–1.

The state next argues that we should uphold the five year probation because Hoage orally agreed to it at the sentencing hearing. A review of the record reveals that it was the trial court judge who proposed the four year extension of probation and that Hoage's "agreement" to the same was equivocal at best. However, even if Hoage had undeniably accepted such terms, the trial court was without authority to impose a sentence greater than allowable by law. *Morgan v. State* (1981) 4th Dist., Ind.App., 417 N.E.2d 1154. A defendant's consent to a probationary period exceeding the statutory maximum obtained in the coercive setting in which the court has the power to imprison the defendant and not place him on probation at all, is without effect. *United States v. Rodriguez*, 682 F.2d 827 (9th Cir., 1982). Therefore, that part of the judgment which places Hoage on probation be-

yond the one year statutory limit is not authorized by law and must be set aside. We *sua sponte* note that Hoage was placed on "informal probation." While probation may be unsupervised, the sentencing court must state upon the record the conditions of the probation [I.C. 35–38–2–1(a)] and provide the defendant with a written statement of these conditions. I.C. 35–38–2–2(b). This procedure was not followed and constitutes an additional defect in the sentencing process.

Our next inquiry is whether the sentence which was authorized by law was manifestly unreasonable in light of the nature of the offense and the character of the offender. The record reveals that Hoage accosted and beat his estranged wife requiring several stitches in her head. Under the circumstances, a one year suspended sentence with 30 days executed and a one year probationary period is not manifestly unreasonable.

The inquiry into Hoage's character also demonstrates that the sentence received was not manifestly unreasonable. Hoage is a lawyer and a former deputy prosecuting attorney in Madison County. At the sentencing hearing the prosecuting attorney, a former associate of Hoage, argued for a one year executed sentence and a $5,000 fine. The prosecutor argued that Hoage had been given "every break in the world" but was never able to accept responsibility. In the particular episode with his wife, she was only able to stop the beating by telling him that she was considering a reconciliation and that she didn't blame him for anything. The record also reveals that Hoage had been convicted of assault and battery in California in 1978, and that subsequent to the instant offense Hoage was convicted of disorderly conduct in Washington, D.C. for urinating in a federal park. Additionally, Hoage was arrested for driving under the influence in that city and was under a court order to attend a "diversion" program or a driving school.

Hoage contends that there were "overwhelming mitigating circumstances" which

were not considered by the trial court and which make his sentence manifestly unreasonable. These circumstances include the fact that his California conviction was later "dismissed", that his DUI arrest was his first arrest for driving under the influence and that he was under a great deal of stress at the time he beat his wife and had subsequently undergone psychotherapy.

■ Hoage has made numerous contentions concerning the trial court's consideration, or lack thereof, of aggravating and mitigating circumstances. The record does not reflect whether the trial court found any aggravating or mitigating circumstances. The court made no written statement finding such circumstances and, because this was a misdemeanor and not a felony conviction, it was not required to do so. *See* I.C. 35–38–1–3 (Burns Code Ed.1985). Indiana Code 35–38–1–7 sets forth the criteria for sentencing. The court is obligated to consider only:

"(1) The risk that the person will commit another crime;

(2) The nature and circumstances of the crime committed;

(3) The person's:

(A) Prior criminal record;

(B) Character; and

(C) Condition; and

(4) Whether the victim of the crime was 65 years of age or older."

The court is permitted, but not required, to consider many additional enumerated factors as aggravating or mitigating circumstances. We are convinced that the trial court did in fact consider the mandatory factors. We are not convinced that Hoage's assertion of mitigating factors compelled a different sentence.

■ Hoage's argument with regard to his mental/emotional state is unavailing. Although we do not know what weight, if any, the court gave to Hoage's evidence of mitigating circumstances, it was not obligated to credit or attach great weight to it.

*Perry v. State* (1983) Ind., 447 N.E.2d 599. Hoage's contention that he was not given an opportunity to explain the circumstances of his previous assault and battery conviction and his subsequent disorderly conduct and DUI charges is likewise without merit. The record reveals that Hoage was given ample opportunity to explain the presentence report and at one point told the judge that the report was correct.

Hoage further contends that the trial court: (1) improperly considered an *ex parte* statement made by a witness who was unavailable for confrontation at the sentencing hearing; (2) improperly considered his previous conviction for assault and battery because the "charges were later dropped" and improperly considered his arrest for driving under the influence and disorderly conduct because they were "not of the same nature" as the instant crime and because they occurred subsequent to the instant offense; (3) "improperly considered and abused Hoage's right to visit his daughter;" and, (4) discriminated against him because he was an attorney by ordering a thirty day executed sentence instead of suspending his whole sentence. (Appellant's Brief, p. 12–16).

■ Hoage's contention that the trial court improperly considered an *ex parte* statement by a witness who was unavailable for confrontation at the sentencing hearing is unsubstantiated. During the hearing the judge questioned Hoage as to whether Hoage had hit his wife with his fist or a pipe, explaining that an Officer Stonebraker had come in after the trial and said that Hoage had told him he had hit her with a pipe. Hoage denied telling Stonebraker such a story and explained that he had hit his wife with his fists, not a pipe. There is no indication in the record that the judge disbelieved Hoage's explanation. Hoage neither asked for a continuance in order to call Stonebraker as a witness nor has he made any showing that Stonebraker was unavailable.

■ Hoage's contention that the court improperly considered his history of crimi-

nal activity is likewise unmeritorious. Again, we have no way of knowing what weight, if any, the court afforded this information. We do know that Hoage's sentence was well within statutory limits and therefore is presumed correct.

In any event, in *McNew v. State* (1979) 271 Ind. 214, 391 N.E.2d 607, our Supreme Court held that a sentencing court does not err by considering a prior arrest or prior criminal activity which has not been reduced to a conviction. Indeed our sentencing statute mandates that the court must consider "the risk that the person will commit another crime," "the person's prior criminal record and character," and may consider whether "the person has a history of criminal activity." I.C. 35–38–1–7(a) and (b) (Burns Code Ed.1985). Further, subsection (d) of that statute provides that the listed criteria of aggravating and mitigating circumstances do not limit the matters that the court may consider in determining the sentence. Indeed "a trial judge may consider almost any relevant information in determining what sentence to invoke." *Yates v. State* (1982) 3d Dist., Ind.App., 429 N.E.2d 992, 993–994. The sentencing court did not err by considering Hoage's prior and subsequent criminal activity in determining an appropriate sentence.[2]

Hoage's contention that the trial court "improperly considered and abused Hoage's right to visit his daughter" is somewhat overdrawn but does merit attention. At the time of sentencing, the prosecutor observed that if Hoage did not voluntarily return from Washington, D.C., where he was then living, to serve the executed portion of the sentence to commence five months hence, there would be no way to extradite him because the offense was a misdemeanor. The court responded that "if he does not come back here to serve that voluntarily I will contact Judge Bade and suggest most strongly that his visitation rights be permanently terminated."

Indiana Code 35–38–2–3 establishes the permissible sanctions for violation of probation. They obviously do not include a threat such as injudiciously made here. Nevertheless, the threat was made after the sentence was imposed and we fail to see how the defendant could have been prejudiced thereby.

Hoage's last argument, that he was discriminately sentenced, being held to a higher standard because he was a lawyer and former prosecuting attorney, lacks merit. Hoage made no showing that his sentence varied from those received by other class A misdemeanant batterers. Indeed, quite the opposite appears to be true. The judge did acknowledge that because Hoage was an attorney, a person who should know that "no one is above the law," it was difficult to treat him like other defendants. However, the judge expressly stated that such treatment was "the object of justice" and referred to a similar class A misdemeanor battery case recently disposed of in the same city in which the defendant received a one year suspended prison term, with thirty days executed time in the county jail. This was the same sentence the probation officer recommended. It appears that the trial court did not discriminate against Hoage but rather went to great pains to treat him as similarly situated defendants had been treated.

The sentence was not manifestly unreasonable in light of the nature of the offense and the character of the offender. We affirm the trial court's one year sentence with all but one month suspended to be served in the Delaware County Jail. We reverse that portion of the judgment which imposes probation in excess of the one year statutory limit. We remand for modification of the judgment with instructions to provide the defendant with a written statement of the conditions of his probation pursuant to I.C. 35–38–2–2(b).

---

**2.** However, if a presentence report contains arrests which have resulted in acquittals the trial court is precluded from considering such charges as aggravating circumstances. *McNew v. State* (1979) 271 Ind. 214, 391 N.E.2d 607.

BUCHANAN, C.J., concurs.

SHIELDS, J., concurs in result.