**Christopher Berry BROCK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 38A02–8903–CR–103.**

Court of Appeals of Indiana, Second District.

Aug. 20, 1990.

Max C. Ludy, Jr., Ludy & Bright, Portland, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Christopher Berry Brock (Brock) appeals his conviction and sentence for Driving While License Suspended, a class A misdemeanor, and Possession of Marijuana, a class D felony.

We affirm in part and reverse in part.

On April 28, 1988, Brock was charged by information with possession of marijuana and driving while his license was suspended. Trial by jury resulted in Brock's conviction on both counts.

Brock was sentenced to one (1) year at the Jay County Jail on the driving while suspended charge and "three (3) years at the Indiana Department of Corrections" on the possession charge. Record at 84. Two years of the marijuana sentence were suspended, with the balance to be served at the Jay County Jail. Both terms were to be served consecutively. Brock was ordered to reimburse the Jay County Jail $10.00 per day for room and board. He was also ordered to pay $300.00 to the County Weed Eradication Fund. Brock was placed on probation for three (3) years following his incarceration. One of those years was to be served under home detention.

Brock's appeal presents the following issues:

(1) Whether it was error to allow the jury, during deliberations, to view exhibits containing marijuana.

(2) Whether the following aspects of sentencing are erroneous:

(a) Whether an enhanced sentence is supported by the record and reasons stated therein?

(b) Whether Brock was improperly confined in the Jay County Jail?

(c) Whether it was error to impose home detention upon Brock's release from jail?

(d) Whether the order imposing house arrest is facially invalid?

(e) Whether the court could properly order that Brock have no visitors during the period of his home detention?

(f) Whether the effect of certain conditions of probation constitutes cruel and unusual punishment?

(g) Whether the $10.00 per day room and board fee was improper?

(h) Whether the trial court erred in ordering Brock to pay $300.00 to the marijuana eradication fund?

(i) Whether the length of the term of probation is in error?

## I.

■ During deliberations, the jury requested that it be allowed to review exhibits containing marijuana. Over objection of defense counsel, the request was granted. Brock alleges that this allowed undue emphasis to be placed on these exhibits relative to other evidence.

In fact, the jury was allowed to review all the evidence. The record reveals that a request was made to review the marijuana and counsel for defense was given the opportunity to object. He did so, first, on the basis that the jury should be allowed to see all the evidence. He then objected to the jury reviewing any evidence because it had already been seen.

The court overruled counsel's objection and returned the jury to the courtroom:

"JUROR: We're here to look at the items of evidence. Do we do that in the Jury box?

THE COURT: No. Eh, I just want to note for the record that the jury has been returned to the courtroom. You may be seated. This is the evidence table. This is all the evidence that's admitted. You may review it.

JUROR: Can we also review these?

THE COURT: Yes. Yes, you can review all the evidence." Record at 253.

Our Supreme Court has held that the practice of allowing jury review of evidence is "clearly provided for." *Long v. State* (1981) Ind., 422 N.E.2d 284, 287. There is no error where, as here, "all the exhibits were reviewed in open court with both parties present and no undue emphasis was placed upon any particular exhibit." *Id.*

## II.

As noted, Brock attacks his sentence upon numerous grounds:

(A) *Whether Brock's sentence is adequately supported by the record.*

One who commits a class A misdemeanor may receive a sentence of up to one year. I.C. 35–50–3–2 (Burns Code Ed.1985). The presumptive sentence for a class D felony is two years and up to two years may be added for aggravating circumstances. I.C. 35–50–2–7(a). Brock received the maximum sentence upon his class A misdemeanor conviction and three years upon the class D felony charge. In addition, the terms were required to be served consecutively.

■ When a trial court imposes an increased or consecutive sentence, the record must reflect sufficient reasons therefor. The statement by the trial court must contain three elements: (1) identification of all significant mitigating and aggravating circumstances, (2) specific facts and reasons which lead the court to find the existence of each circumstance, and (3) articulation demonstrating the balancing of significant mitigating and aggravating circumstances. *Coates v. State* (1989) Ind., 534 N.E.2d 1087; *Hammons v. State* (1986) Ind., 493 N.E.2d 1250. Brock argues that the trial

court did not adequately comply with this requirement.

■ The trial court found as a mitigating factor the hardship that would be placed upon Brock's family if he were given long-term imprisonment. However the court listed numerous aggravating factors, including (1) prior convictions of a similar nature, (2) the failure to undergo counseling or do something meaningful about his "habit", (3) the large quantity of marijuana involved in the present case, (4) the failure of defendant to respond to less severe penalties, (5) the belief that the imposition of a reduced sentence would depreciate the seriousness of the offense, (6) defendant's threat to a police officer after the trial, and (7) defendant's lack of remorse.

The record sufficiently supports the imposition of enhanced and consecutive sentences. *See e.g., Stewart v. State* (1988) Ind., 531 N.E.2d 1146, 1150; *Dumbsky v. State* (1987) Ind., 508 N.E.2d 1274, 1278; *Roland v. State* (1986) Ind., 501 N.E.2d 1034, 1040–41; *White v. State* (1986) Ind., 495 N.E.2d 725, 729.

(B) *Confinement in Jay County Jail.*

■ Next, appellant asserts he was improperly confined in the Jay County Jail. Brock was sentenced to one year at the Jay County Jail on the driving while suspended charge, a misdemeanor. He also received "three years at the Indiana Department of Correction on the possession of marijuana charge." Record at 345. The court ordered execution of one year on the possession charge, stating "I'll allow that to be served at the Jay County Jail," consecutive to the sentence for driving while suspended. Record at 345.

The order on sentencing, however, directed the clerk to "issue commitment papers to the Sheriff of Jay County for two (2) years with good time, and credit for time served with work release." Record at 84.

While the order is confusing, we do not agree that appellant was improperly confined in the county jail instead of the Department of Correction. He interprets I.C. 35–38–1–14, I.C. 35–38–3–2, and I.C. 35–38–3–4 as requiring "the transfer of a sentenced individual to the Department of Correction without delay." Appellant's Brief, p. 14. We do not read these statutes to so require.

I.C. 35–38–1–14 (Burns Code Ed.1988) requires that the court send a copy of the pre-sentence report and related materials when a convicted person is sentenced to imprisonment. I.C. 35–38–3–2, however, directs that the court "without delay, certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority." (Burns Code Ed. 1988).

A "receiving authority" is defined in I.C. 35–38–3–1 as:

"(1) the Department of Correction;

(2) a sheriff, if incarceration is authorized in a county jail; or

(3) a facility or place designated by the Department of Correction." (Burns Code Ed.1988).

Thus the legislature contemplated situations in which an offender would be incarcerated in a county jail following sentencing. The question remains as to who may authorize such incarceration.

A number of cases hold that the determination of locale for imprisonment is for the determination of the Department of Correction. Those cases, however, deal with situations in which the defendant was committed to the Department of Correction but in which there was a request to, or an attempt by, a trial court to mandate incarceration in a particular institution. *See e.g., Griffin v. State* (1984) Ind., 461 N.E.2d 1123; *Barnes v. State* (1982) Ind., 435 N.E.2d 235; *Dorton v. State* (1981) Ind., 419 N.E.2d 1289; *Marsh v. State* (1979) 271 Ind. 454, 393 N.E.2d 757; *Parker v. State* (1989) 1st Dist. Ind.App., 542 N.E.2d 1026. The present case involves the opposite situation: the failure of the trial court to commit defendant to the Department accompanied by an assertion that it should have so ordered.

With the exception of the *Parker* decision, the above cases were decided under former I.C. 35–4.1–5 *et seq.* (transferred by compiler to I.C. 35–50–5A *et seq.*) (Burns

Code Ed. Repl.1979).[1] That chapter, repealed in 1983 and replaced with 35–38–3, required that the sheriff, within five days of sentencing, "convey the convicted person to a penal facility or program designated by the department." I.C. 35–4.1–5–2 (transferred by compiler to 35–50–5A–2) (Burns Code Ed.Repl.1979).

The current statutory scheme requires the sheriff to transport the convicted person to a receiving authority. I.C. 35–38–3–4 (Burns Code Ed.1988). Because a receiving authority is defined both as a sheriff when incarceration is authorized in a county jail, and as a place designated by the Department, a logical interpretation is that the legislature intended that authorization of incarceration in a county facility might permissibly emanate from an entity other than the Department. *See* I.C. 35–38–3–1.

Additional support for such interpretation is found in Title 11. This legislation established the Department of Correction as part of the executive branch of state government and empowered the Department with the duty of evaluating "committed, criminal offender[s]", classifying them, and assigning them to a facility or program. I.C. 11–10–1–2, I.C. 11–10–1–3 (Burns Code Ed.1988). A committed criminal offender is one under the custody of the Department. I.C. 11–8–1–5 (Burns Code Ed.1988). Brock's argument would appear to be that he has an absolute right to be committed to the Department. He does not.

The rationale for evaluation and assignment by the Department rather than the trial court is based upon preservation of the concept of separation of powers. Thus, the judicial branch may not usurp a function constitutionally assigned by the legislature to the executive branch. *Griffin, supra; Barnes, supra; Dorton, supra; Marsh, supra.* Nor may the executive branch delegate to the judicial branch duties vested in it by the legislature. Op. Atty. Gen. 79–2, p.3 (1979). But it does not violate the sanctity of this concept to interpret legislation as authorizing the trial court to commit convicted persons to a county "executive branch" as opposed to that of the state.[2]

In any event Brock fails to show that he has been harmed by confinement in the Jay County Jail. Brock alleges that he was denied the right to be classified for eligibility in a medium or minimum security facility. This argument is unavailing. Even in the state system, prisoners have no right to be assigned any particular security classification. *Kincaid v. Duckworth,* 689 F.2d 702 (7 Cir.1982), *cert. denied,* 461 U.S. 946, 103 S.Ct. 2126, 77 L.Ed.2d 1305; *see also Reed v. State* (1985) Ind., 479 N.E.2d 1248, 1254.

(C) *Home detention.*

■ Brock's next argument appears to be that his term of home detention exceeds that allowed by statute. A trial court is permitted to order home detention as a condition of probation for a period lasting at least sixty days (I.C. 35–38–2.5–5(a)) and no more than the minimum term of imprisonment for the crime committed by the offender. I.C. 35–38–2.5–5(b) (Burns Code Ed.Supp.1990). The minimum sentence for a class D felony is one year. I.C. 35–50–2–1 (Burns Code Ed.1985). As part of his sentence, Brock received one year home detention as a condition of probation for

1. Although decided in 1989 and with reference to I.C. 35–38–3–2, *Parker* did not address the implication of the provision for delivery of sentencing orders and convicted persons to a receiving authority, rather than to the Department of Correction. Such treatment was not necessary in that case where the convicted person was committed to the department. Therefore that decision presents no obstacle to our holding today.

2. I.C. 11–8–2–7 gives the Department authority over *state* owned correctional facilities. (Burns Code Ed.1988). I.C. 11–12–1–2 provides:
 "Notwithstanding any other law, a county ... may establish and operate community corrections programs for any of the following:
 \* \* \* \* \* \*
 (4) Persons sentenced to imprisonment in a county or local penal facility, other than a state owned or operated facility.
 (5) Committed offenders, with the approval of the department." (Burns Code Ed.1988.)

the possession of marijuana charge, a class D felony. There is no error in this regard.

**(D)** *Defective order for home detention.*

 Brock alleges that the trial court order imposing home detention fails to comply with I.C. 35–38–2.5–6. That statute provides:

"An order for home detention of an offender ... must include the following:

(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:

(A) Working at employment approved by the court or traveling to or from approved employment;

(B) Unemployed and seeking employment approved for the offender by the court;

(C) Undergoing medical, psychiatric, mental health treatment, counseling, or other treatment programs approved for the offender by the court;

(D) Attending an educational institution or a program approved for the offender by the court;

(E) Attending a regularly scheduled religious service at a place of worship; or

(F) Participating in a community work release or community service program approved for the offender by the court.

(2) Notice to the offender that violation of the order for home detention may subject the offender to prosecution for the crime of escape under IC 35–44–3–5.

(3) A requirement that the offender abide by a schedule prepared by the probation department, or by community corrections program ordered to provide supervision of the offender's home detention, specifically setting forth the times when the offender may be absent from the offender's home and the locations the offender is allowed to be during the scheduled absences.

(4) A requirement that the offender is not to commit another crime during the period of home detention ordered by the court.

(5) A requirement that the offender obtain approval from the probation department or from a community corrections program ordered to provide supervision of the offender's home detention before the offender changes residence or the schedule described in subdivision (3).

(6) A requirement that the offender maintain:

(A) A working telephone in the offender's home; and

(B) If ordered by the court, a monitoring device in the offender's home, or on the offender's person, or both.

(7) A requirement that the offender pay a home detention fee set by the court in addition to the probation user's fee required under IC 35–38–2–1 or IC 31–6–4–18.

(8) A requirement that the offender abide by other conditions of probation set by the court under IC 35–38–2–2. (Burns Code Ed.Supp.1990).

The record discloses, and the State concedes, that the trial court's order does not comport with this statute in many respects. The order did comply with subsections (3) and (8). Also, with regard to subsection (4), it has been held that the failure to inform that as a condition of probation the probationer must not commit another crime is harmless error. *Boyd v. State* (1985) 1st Dist. Ind.App., 481 N.E.2d 1124.

The order fails to comply with subsections (1), (2), (5), (6), and (7); nor were these terms read to Brock at the sentencing hearing. However, Brock has not demonstrated how he has been prejudiced by these omissions.[3] To the extent that Brock has not been released from the period of home detention ordered, upon remand, the trial

---

**3.** It may be observed that an allegation of probation violation in connection with any provision of the home detention statute which was not set forth in the sentencing order would be subject to a meritorious defense. We have no reason to believe that such circumstance is present.

court is instructed to enter a home detention order in compliance with the statute.

### (E) *Visitors.*

■ Brock argues that the trial court erred in forbidding him to have visitors in his home during his period of home detention. As he notes, the trial court has broad discretion in imposing conditions of probation. *Rumple v. State* (1988) 2d Dist. Ind. App., 529 N.E.2d 861, 864, *trans. denied.* Reference to the record shows that the trial court was concerned with keeping the defendant "clean" and that he refrain from associating with persons who would interfere with that goal. Although the probation statute does not contain such a specific condition, a court is permitted to impose conditions which are reasonably related to the probationer's rehabilitation. I.C. 35-38-2-2(a)(14) (Burns Code Ed.1985). There is no error in this regard.

### (F) *Association with persons who have prior criminal convictions.*

■ As a condition of probation, the trial court ordered that during home detention, Brock not associate with anyone who has a prior criminal conviction, "whether it be family or not." Record at 346. Brock argues that this condition violates the Eighth Amendment's prohibition against cruel and unusual punishment because it denies him the opportunity to visit with his father. This argument is unavailing for the reason stated above. The court did not arbitrarily order that defendant be prohibited from seeing his father, rather that he refrain from associating with persons who could interfere with defendant's rehabilitation. It is unfortunate that a consequence was that he cannot visit with his father for one year, but that was not the purpose of the court's order. *See* I.C. 35-38-2-2(a)(14) (Burns Code Ed.1985).

### (G) *Room and board fee.*

■ Next, Brock alleges error in the order to pay $10.00 per day for room and board at the Jay County Jail. The court

informed Brock at the sentencing hearing that if his former employer would rehire him, Brock could be released from jail to work. If funds are earned in a work release program, they may be applied to room and board "provided by the county." I.C. 11-12-5-3 (Burns Code Ed.1988). *See also* Op.Atty.Gen. 82-3, p. 124 (1982).

The State concedes that the $10 per day room and board obligation presupposed that Brock might earn money upon work release and that if such employment never materialized the $10 per day obligation would not accrue. Accordingly, we remand with instructions to the trial court to clarify its order in this respect.

### (H) *Marijuana Eradication Fund.*

■ Next, Brock challenges the trial court's order "to pay $300.00 for Weed Eradication Fund to the Clerk of the Jay County Court." Record at 84. Brock alleges that the order cannot stand as either imposing a fine or restitution. We agree. Although a trial court may impose a fine, it may do so only after conducting a hearing to determine indigency. I.C. 35-38-1-18 (Burns Code Ed.Supp.1990). At the sentencing hearing the court determined that Brock was indigent for the purpose of pursuing his appeal. This determination required that the trial court inform Brock that he could not be imprisoned for failure to pay the "fee." *Whitehead v. State* (1987) Ind., 511 N.E.2d 284, 296, *cert. denied,* 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773. Therefore, because the court failed to do so, to the extent the order attempted to impose a fine it cannot stand. *Stanger v. State* (1989) 1st Dist. Ind.App., 545 N.E.2d 1105.

The order is not a permissible order for restitution. Restitution to a victim is authorized under I.C. 35-38-2-2(a)(5) or I.C. 35-50-5-3 (Burns Code Ed.Supp.1990). We have previously held, however, that possession of marijuana is a victimless crime, absent evidence to the contrary. *Rumple, supra,* 529 N.E.2d 861. Therefore this part of the trial court's order was in error.[4]

---

**4.** Even had the trial court fashioned the order

for payment to the Weed Eradication Fund in

**(I) *Length of probation.***

█ Brock's final contention of error is that his term of probation exceeds that allowed by statute. The trial court ordered a three year term of probation; yet the total sentence imposed by the court was four years with two years suspended. The probationary period exceeds the suspended sentence by one year. The State concedes that this violates I.C. 35–50–2–2(c) which provides that a term of probation cannot exceed the suspended sentence. (Burns Code Ed.Supp.1990). Accordingly, we remand with orders to modify the term of probation to two years.

Judgment is affirmed in part, reversed in part, and remanded with instructions to enter an order consistent with this opinion.

BUCHANAN and HOFFMAN, JJ., concur.

some terms other than a "fine" or "restitution", it would fall greatly suspect. Even assuming that such Fund, in part, defrays a portion fo the cost of law enforcement attempts to eradicate or control the harvesting of marijuana, it is improper. *See Campbell v. State* (1990) 4th Dist. Ind.App., 551 N.E.2d 1164, 1170 *et seq.* (Sullivan, J. dissenting).