Dennis SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9111–CR–385.

Court of Appeals of Indiana,
Fifth District.

March 8, 1993.

Rehearing Denied April 13, 1993.

James A. Gothard, Gothard & O'Connell, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Dennis Smith appeals his conviction for battery, a Class A misdemeanor raising five issues for our review which we consolidate and rephrase as follows:

1. Was Smith denied effective assistance of counsel?

2. Did the prosecutor engage in prosecutorial misconduct?

3. Did the trial court err in sentencing Smith?

We affirm in part and reverse in part.[1]

This is a case of domestic violence. The facts reveal in the evening hours of October 24, 1990, Smith and his wife Delores became engaged in a verbal altercation. The altercation escalated and Smith grabbed Delores by her neck and shook her violently. As Delores tried to leave the couple's apartment, Smith pulled her inside and began hitting her with his fists. Delores fell to the floor and assumed a fetal position to protect herself from her husband's attack. Smith continued to punch her in front of her children. A neighbor heard Delores' cry for help and Smith ended his attack. Delores sustained bruises on her legs, arms, jaw, and chin and also suffered a cracked tooth.

Smith was charged with battery as a Class A misdemeanor and after trial by jury was convicted of the offense. He was sentenced to one year incarceration with 255 days suspended. Smith was placed on probation for one year following his incarceration. Six months of Smith's probation were to be served under home detention.

█ Additional facts are discussed below where relevant.[2]

I.

Smith first complains his conviction should be reversed because he received ineffective assistance of counsel. In support of his contention Smith lists numerous instances of his counsel's alleged acts of commission and omission.

In order to prevail on a claim of ineffective assistance of counsel Smith must show that 1) counsel's representation was deficient and 2) the deficient performance so prejudiced him as to deprive him of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292 following *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that but for counsel's errors, the result of the proceeding would have been different. *Strickland, supra.*

█ The alleged acts of commission of which Smith complains include, his counsel's failure to object to various questions the prosecutor posed to him during cross-examination, failure to object to comments made by the prosecutor during closing argument, failure to object to the trial court's sua sponte removal of a prospective juror, failure to object to the trial court's imposi-

---

**1.** Smith also complains that the trial court erred concerning various procedural and evidentiary rulings. Because Smith cites no authority and provides no cogent argument in support of his contention, this issue is waived. Ind.Appellate Rule 8.3(A)(7); *Keller v. State* (1990), Ind., 549 N.E.2d 372.

**2.** We note the statement of facts in Smith's appellate brief consists primarily of his argument, essentially presents only evidence in his favor, and is not a narrative statement of the facts as required by Ind.App.Rule 8.3(A)(5). A statement of facts is not intended to be a portion of appellant's argument. *Moore v. State* (1981), Ind.App., 426 N.E.2d 86. While this court may dismiss appeals when parties commit flagrant violations of the rules of appellate procedure, we will address the merits of this case. *See Viccaro v. City of Fort Wayne* (1983), Ind. App., 449 N.E.2d 1161, 1162, n. 1.

tion of time limits for jury selection, failure to object to a State's witness' violation of an order for separation of witnesses, and failure to object to the trial court's imposition of an improper sentence.

■ In order to establish that counsel's failure to object amounts to ineffective assistance of counsel, an appellant must show that had the objection been made, it would have been sustained by the trial court. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. Other than citing cases outlining the general standard set forth in *Strickland,* Smith cites no authority supporting his position that had the various objections been made they would have been sustained. Smith has failed to carry his burden of demonstrating counsel's alleged acts of commission amount to deficient representation.

■ The alleged acts of omission of which Smith complains include, counsel's failure to introduce into evidence various documents, which, according to Smith, would have impeached the credibility of the State's complaining witness and failure to obtain an order directing the complaining witness to undergo a psychiatric evaluation. Smith also laments the decision of trial counsel to call a witness who testified, among other things, that she was really of "no assistance to either party." *Record* at 739. Smith's complaint here amounts to an attack on counsel's trial strategy. Deliberate choices by attorneys do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove to be detrimental to the defendant. *Cobbs v. State* (1982), Ind., 434 N.E.2d 883. This court will not second guess counsel's trial tactics and strategy. We find no ineffective assistance here.

## II.

Next, Smith contends the State engaged in acts of prosecutorial misconduct which deprived him of a fair trial. Specifically, Smith complains of questions posed to him by the prosecutor during cross examination and comments made by the prosecutor during closing argument.

■ In order to obtain reversal of a conviction due to prosecutorial misconduct, a defendant must show 1) the prosecutor's actions constituted misconduct by reference to established norms of professional conduct, and 2) that the ensuing prejudice placed him in a position of grave peril to which he should not have been subjected. *Everroad v. State* (1991), Ind., 571 N.E.2d 1240.

■ During cross examination the prosecutor questioned Smith on his knowledge of the penalties for battery as a Class A misdemeanor. The prosecutor pursued the questioning pointing out the one year maximum penalty and the $5,000.00 possible fine. According to Smith, the prosecutor's conduct placed him in grave peril.

■ We agree with Smith that the prosecutor's examination concerning the possible penalties for an offense was improper. The penalty prescribed by the legislature for a crime is irrelevant to jurors in the performance of their duty to assess guilt and they should be oblivious to the legislature's punishment scheme since judges rather than juries fix sentences. *Burgess v. State* (1983), Ind., 444 N.E.2d 1193. However, we do not agree Smith was placed in grave peril as a result. In determining whether a defendant has been subjected to "grave peril," the reviewing court looks not to the degree of impropriety involved, but at its probable persuasive effect on the jury. As the court observed in *Everroad, supra:*

> This effect, in turn, is assessed not by whether its absence conclusively would lead to an acquittal; rather, reversal is required where the evidence is close and the trial court fails to alleviate the prejudicial effect.

*Id.* at 1244.

■ Here, the evidence concerning Smith's guilt was not close. While testifying on his own behalf Smith admitted striking Delores but claimed he did so only in self defense. *Record* at 681–83. Further, the trial court gave a final instruction advising the jury that the judge is solely

responsible for assessing the penalty within a broad range of possibilities. Improper remarks do not warrant reversal when the trial court properly admonishes the jury and the defendant was not placed in grave peril. *Williams v. State* (1980), Ind.App., 408 N.E.2d 123. Smith has not shown that he was subjected to grave peril.

■ Also during cross examination, in an apparent attempt to bolster his self defense claim, Smith testified Delores had the capability of "taking down two or three men easily." *Record* at 697. In response the prosecutor replied "I think that's a physical impossibility Mr. Smith." *Id.* According to Smith this comment suggested to the jury the prosecutor possessed additional information and evidence outside of that which was presented to them. We disagree.

Although the prosecutor's remark was editorial in nature and should have been reserved for final argument, it was little more than a comment on that which the jury could observe for itself. The record reveals Smith is 5'11" and weighs 180 pounds. The record is silent concerning Delores' height, but indicates she weighs 120 pounds. The prosecutor's comment did not constitute misconduct.

■ During closing argument the prosecutor implored the jury to convict Smith of battery, and remarked that Delores was telling the truth, that Smith was a liar, and that "he's trying to get away with it again." *Record* at 761. According to Smith, all of the remarks were prejudicial and the latter remark suggested to the jury the prosecutor was in possession of additional information not presented to the jury.

We first note the prosecutor's comments of which Smith complains were made during rebuttal. During closing argument, counsel for Smith remarked "Delores is not a credible witness" and later remarked "I think the credible witness is Dennis Smith." *Record* at 697. The prosecutor is entitled to respond to allegations and inferences made by defense counsel during the closing argument. *McBroom v. State* (1988), Ind., 530 N.E.2d 725. In this case Smith's defense counsel opened the door to the State's rebuttal.

■ Next, we do not agree that the prosecutor's remark that Smith is "trying to get away with it again" implies the prosecutor was making a personal comment on Smith's guilt or innocence. *Record* at 761. Rather, the remark was an acceptable comment on the evidence. The record reveals the incident giving rise to the instant case was not the first time Smith had exhibited violent outbursts. On a prior occasion he had tried to knock Delores off a bed. *Record* at 566. On another occasion he had thrown a wallet through a bedroom window and had smashed a wooden chair "into little pieces." *Record* at 568. The record does not reveal Delores pursued any criminal action concerning Smith's prior violent outbursts. In effect, he "got away with it." The prosecutor's comment that Smith was "trying to get away with it again" was not improper.

Smith has not demonstrated he was subjected to grave peril or denied a fair trial due to the allegedly improper actions of the prosecutor. The evidence in this case was not close and, when viewed in light of the record as a whole, the prosecutor's actions alleged by Smith to be improper had little, if any, persuasive effect on the jury. We find no reversible error on the basis of prosecutorial misconduct.

### III.

Finally, Smith challenges the trial court's order sentencing him to home detention as a part of probation. According to Smith the home detention statute is unconstitutional, his term of home detention exceeds that allowed by statute, and the order of probation does not set forth any terms and conditions of his home detention.

■ Smith's constitutional claim is premised on the notion that because Smith received no "good time" credit during home detention, he is being denied due process and equal protection of the law. In essence, Smith contends his "confinement" while on home detention is equivalent to

imprisonment. Smith's contention lacks merit.

We first note Smith fails to support his due process claim with either cogent argument or citation to authority. We therefore decline to address the issue. Next, the equal protection argument Smith raises here was raised and rejected by this court in *Barton v. State* (1992), Ind.App., 598 N.E.2d 623. In that case we determined the trial court's denial of credit time for a probationer serving in a home detention program did not deny the probationer equal protection of the law. *Id.* at 624. We reach the same result here.

■ Smith's argument that his term of home detention exceeds that allowed by statute is equally unavailing. In support of his position Smith directs our attention to Ind.Code § 35–38–2.5–5 which dictates in relevant part "the aggregate time spent in home detention must not exceed the *minimum term of imprisonment* prescribed under I.C. 35–50–2 or I.C. 35–50–3 for the crime committed by the offender." (emphasis added). Smith claims the minimum term of imprisonment prescribed by I.C. § 35–50–3–2 for a Class A misdemeanor is no time in jail. Thus, concludes Smith, the trial court had no authority to confine Smith to home detention for a period of six months. We do not agree.

We first note that unlike Ind.Code § 35–50–2 which sets forth specific minimum sentences for felonies, Ind.Code § 35–50–3 does not identify minimum sentences for misdemeanors. Rather, the statute provides for specific terms of imprisonment of "not more than" one year for Class A misdemeanors, one hundred eighty days for Class B misdemeanors, and sixty days for Class C misdemeanors. Thus, Smith's contention that I.C. § 35–50–3–2 "prescribes" a minimum sentence of no time in jail for Class A misdemeanors is not accurate.

■ In any event, when construing a statute this court must give effect to the legislative intent. *Barr v. State* (1980),

Ind.App., 400 N.E.2d 1149. Were we to read the home detention statute as Smith suggests, then it would apply only to those sentenced for felony convictions. The legislative scheme at issue here indicates Smith's interpretation is incorrect. The Home Detention Act makes a direct reference to the misdemeanor sentencing statute and home detention is specifically listed as a term of probation. I.C. §§ 35–38–2–2.3, 35–38–2.5–5(b). Clearly, the Home Detention Statute applies to misdemeanors as well as felonies. The trial court did not err in ordering Smith to serve a period of home detention as a condition of probation for conviction of a misdemeanor.

■ Smith also complains that his term of probation exceeds that allowed by statute. The trial court ordered a one year term of probation and the total sentence imposed by the court was one year (365 days) with two hundred and fifty five (255) days suspended. Thus, according to Smith, the probationary period exceeds the suspended sentence by one hundred and ten (110) days. Although Smith cites no authority in support of his contention, the State concedes this point and cites *Brock v. State* (1990), Ind.App., 558 N.E.2d 872. We do not accept Smith's contention or the State's concession.

In *Brock*, the defendant was sentenced to a four-year term of imprisonment for his conviction of a Class D felony. Two years were suspended and the defendant was placed on probation for three years. Thus, the probationary period exceeded the suspended sentence by one year. We remanded the cause to the trial court with instructions to modify the term of appellant's probation. In so doing, we noted Ind.Code § 35–50–2–2(c) provides that a term of probation cannot exceed the suspended sentence. *Id.* at 879. However, *Brock* is not applicable here because the statute on which our decision was based in that case applies to felonies.[3]

---

**3.** I.C. § 35–50–2–2(c) provides "Whenever the court suspends a sentence for a felony, it shall place a person on probation under IC 35–38–2

for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire."

In the case before us Smith was convicted of and sentenced for Battery, a Class A misdemeanor. Indiana Code § 35–50–3–1 provides in relevant part, "Whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under IC 35–38–2 for a fixed period of not more than one (1) year." Thus, the misdemeanor sentencing statutes permits the trial court to impose a term of probation of up to one year regardless of whether the term exceeds the suspended sentence. *See Hoage v. State* (1985), Ind.App., 479 N.E.2d 1362. We find no error here.

▇▇▇ Smith also contends that the trial court's order imposing home detention fails to comply with I.C. § 35–38–2.5–6 because it does not set forth specific conditions required by the statute. The record discloses and the State concedes that Smith is correct. Accordingly, we remand with instructions to the trial court to enter a home detention order in compliance with the statute.

This cause is remanded to the trial court with instructions to enter a home detention order consistent with this opinion. In all other respects the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED AND CAUSE REMANDED.

CONOVER, J., concurs.

BARTEAU, J., concurs in part and dissents in part with opinion.

BARTEAU, Judge, concurring in part and dissenting in part.

I respectfully dissent from the portion of the majority's opinion holding that the trial court did not err in sentencing Smith to one year of probation in addition to an executed sentence of 110 days. A trial court does not have the authority to sentence a defendant to a term in excess of that prescribed by statute. *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081, 1084. The maximum penalty prescribed for a Class A misdemeanor is one year. Ind.Code 35–50–3–2. Any sentence above that is illegal. *Niece,* 456 N.E.2d at 1084. Thus, because Smith received 110 days executed, he could be placed on probation for no more than 265 days.

I.C. 35–50–2–2(c) provides:

(c) Whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire.

I.C. 35–50–3–1 provides:

(a) The court may suspend any part of a sentence for a misdemeanor.

(b) Whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under IC 35–7 for a fixed period of not more than one (1) year.

While the suspension/probation statute for felonies (I.C. 35–50–2–2) specifically states that the term of probation may not exceed the date of the maximum potential sentence, the failure of the equivalent misdemeanor statute (I.C. 35–50–3–1) to specifically state the same does not permit the conclusion that an extension beyond the maximum statutory penalty is permissible. The only unobjectionable interpretation of this statute is that the "of not more than one (1) year" merely sets the maximum probationary period but does not in any way extend the statutory penalties for misdemeanors.

For example, in *Slayton v. State* (1989), Ind.App., 534 N.E.2d 1130, defendant was convicted of three class A misdemeanors and sentenced to one year for each conviction. The trial court suspended the sentences and placed defendant on probation for three years. During the probationary period, the trial court found that defendant had violated his probation and sentenced him to one additional year of probation. During that additional year, defendant committed another violation and the trial court revoked his probation. On appeal, defendant argued that "a trial court does not have the authority to 'extend' a defendant's term of probation beyond the maximum term of the defendant's sentence or sentences." *Id.* at 1131. This court

agreed, holding that "the probation period cannot exceed the sentence term" and that defendant's probation "was terminated by operation of law at the end of the three years, the maximum period for which he could be placed on probation." *Id.* at 1131.

While *Hoage v. State* (1985), Ind.App., 479 N.E.2d 1362, contains language which could be interpreted to authorize a one year probationary period in addition to an executed sentence, the issue was not directly addressed; thus, the language was mere *dicta.* In that case, defendant was sentenced to one year, with all but 30 days suspended and placed on 5 years probation. He appealed the 5 year probationary period and this court reversed, holding that probation in excess of the one year statutory limit was impermissible. *Id.* at 1366. While the court in *Hoage* did state that a "one year suspended sentence with 30 days executed and a one year probationary period is not manifestly unreasonable," the court was addressing only the reasonableness of the sentence, not its propriety.

Indiana Code 35–50–3–2 sets the maximum penalty for a class A misdemeanor at one year. The trial court has the option, in sentencing a class A misdemeanant, to suspend the sentence in whole or in part and to place the defendant on probation, so long as the combination of the executed sentence and the probationary period do not exceed the maximum statutory sentence for that offense. Because Smith's sentence exceeds the statutory maximum, I would remand to the trial court with instructions to modify the term of probation to comply with the law.

In all other respects, I concur with the majority opinion.