**James FAISON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 880S332.**

Supreme Court of Indiana.

Dec. 9, 1981.

Peter Dennis Zenos, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant Faison was convicted by a jury of robbery. He was sentenced to sixteen (16) years' imprisonment.

On August 21, 1979, two men armed with handguns entered the Stop and Go Tavern in Gary, Indiana. Patrons and employees were robbed of approximately two hundred and fifty dollars ($250) cash, four (4) rings, an automatic pistol and a 1977 Ford Granada owned by one of the customers. A few hours after the robbery two men were apprehended and identified as appellant Faison and Daryle Anderson. Although jointly tried, defendant Anderson failed to appear and was convicted in absentia.

Appellant claims the verdict is contrary to law and is not sustained by sufficient evidence. However, he fails to argue what evidence he deems insufficient. This Court will not reweigh the evidence nor judge the credibility of witnesses. We look solely to the evidence most favorable to the State and all logical inferences to be drawn therefrom. If there is sufficient evidence of probative value to support each element of the offense, we will not disturb the jury's verdict. *Sloan v. State*, (1980) Ind., 408 N.E.2d 1264.

In addition to showing the goods taken as above set out, the record shows the robbers brandished handguns, put a weapon to the head of an employee and threatened "to blow [their] brains out." Two of the State witnesses made positive in-court identification of appellant. Appellant and Anderson were arrested in the 1977 Ford Granada which belonged to one of the victims of the robbery. This victim's credit cards and other pieces of identification were also recovered from appellant and defendant Anderson. Cash approximating the amount taken from the tavern and the tavern owner's gun were also recovered. We hold there was sufficient evidence before the jury to support the verdict of guilty of robbery.

Appellant claims the trial court erred in denying his motion for a directed verdict at the close of the State's case. He argues the State failed to prove a *prima facie* case against him. Appellant characterizes witnesses' testimony as being so improbable as to be incredible.

There is an exception to the general rule we view evidence in the light most favorable to the State and do not judge the credibility of witnesses in determining a sufficiency question. We have completely excluded from our review evidence favorable to the State if it is so inherently improbable that it lacks any credibility at all. In such cases we do not judge the credibility of witnesses as such; we simply exclude the evidence from consideration because it is completely incredible. *See, Gaddis v. State*, (1969) 253 Ind. 73, 251 N.E.2d 658; *Penn v. State*, (1957) 237 Ind. 374, 146 N.E.2d 240. If appellant is relying on this principle, he is clearly in error. Whatever may be said about witnesses' testimony, it is not of such a nature that we can characterize it as totally lacking in credibility. The exception is inapplicable in this case, and we decline to enter the jury's province in weighing witnesses' credibility. There is ample evidence in the record to support trial court's denial of the motion.

Appellant next claims the trial court erred in allowing identification testimony, however, he failed to raise that issue as required by Trial Rule 59(B) in his motion to correct errors. The issue is, therefore, waived for appellate review. *Hooks v. State*, (1980) Ind., 409 N.E.2d 618.

Appellant alleges he was prejudiced by the trial court's refusal to grant his motion for severance which resulted in his co-defendant's trial in absentia. He takes the position the trial court failed to protect his interests in a fair trial by not employing an alternative to proceeding with the trial, citing *Illinois v. Allen*, (1970) 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. However, *Allen* is inapposite to the case at bar.

*Allen* involved a criminal defendant who after continually being abusive, disruptive and disrespectful was removed from the courtroom. The United States Supreme Court listed three possible methods when presented with such a problem: (1) citation for contempt, (2) physical restraint by binding and gagging, (3) physical removal from the courtroom until the defendant promises to conduct himself properly. The court held

in *Allen* that a defendant can lose his right to be present at trial if, after being warned, he persists in contumacious conduct.

 A defendant may waive his constitutional right to be present at his own trial by his failure to appear when he knows of his obligation to appear. *Shepler v. State*, (1980) Ind., 412 N.E.2d 62. In the case at bar, defendant Anderson's attorney stated he had given notice of the trial date and time to his client. The trial judge announced they would wait until 11:00 to 11:30 on the morning of the trial and if Anderson did not appear the trial would proceed. The record in this case supports the court's conduct of the trial.

As to the granting of a severance to appellant, such is in the discretion of the trial judge. In order to show an abuse of that discretion, "Appellant must show on appeal that in light of what actually occurred at trial, the denial of a separate trial subjected them to such prejudice that the trial court may be said to have abused its discretion in refusing to grant their motions for severance." *Gutierrez v. State*, (1979) Ind., 395 N.E.2d 218, 221.

Appellant claims his co-defendant's failure to appear for trial "could only have been taken as fleeing while out on bond, and therefore, an admission to the charges brought against him and the appellant." In essence, the appellant argues the risk of being found guilty by association with his absent co-defendant.

This Court considered a like contention in *Henry v. State*, (1978) 269 Ind. 1, 379 N.E.2d 132. In that case the evidence was alleged to have been greater against one co-defendant than the other. In *Henry, supra*, this Court stated:

"The evidence presented to the jury in this case established very clearly defined and distinctive roles for each of the defendants. There is no confusion over who may have spoken certain words or may have done a certain act. The jury would have had no difficulty in keeping these distinctive roles in mind as they received the evidence and later deliberated upon their verdict."

The record in the case at bar clearly demonstrates appellant's participation in the acts of robbery and the threatening of the victims. The evidence shows appellant searched the employees and customers and relieved them of personal property while defendant Anderson went behind the bar to the cash register. There is no showing in this record that appellant was so prejudiced by the joint trial with his co-defendant as to justify a reversal. We hold the trial court did not err in refusing to grant separate trials.

The trial court is affirmed.

All Justices concur.