John MARTIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9308–CR–436.

Court of Appeals of Indiana, Second District.

Sept. 6, 1994.

William F. Thoms, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

John Martin (Appellant) appeals his conviction of one of three counts [1] of Battery,[2] a class A misdemeanor, as well as the imposition of consecutive sentences for three counts of battery and one count of Criminal Mischief,[3] a class B misdemeanor. We affirm the conviction and remand for resentencing.

The facts most favorable to the judgment are that on December 9, 1991 the State charged Appellant with one count of class A misdemeanor battery and one count of class A [4] misdemeanor criminal mischief. On December 8, 1991, Appellant was released on bond. An initial hearing was held on December 17, 1991, during which Appellant was ordered to have no contact with the prosecuting witness. On January 2, 1992, the State and Appellant entered into an Agreement to Withhold Prosecution (Agreement). The Agreement ordered Appellant to, among other things, participate in a behavior modification diversion program, and have no contact with the prosecuting witness, except for court-sanctioned purposes. The Agreement further provided that failure to comply with any of its terms "will cause the State to withdraw from this agreement, to request a trial date, and to proceed with prosecution of this offense." *Record* at 94. A Petition to Set Aside the Agreement was filed on May 29, 1992 after the Appellant failed to comply with the terms of the Agreement.

On April 6, 1992, Appellant was charged with one count of class A misdemeanor battery. An initial hearing was held on April 15, 1992, and Appellant was ordered to have no contact with the prosecuting witness.

On April 15, 1992 Appellant was again charged with one count of class A misdemeanor battery. This charge stemmed from incidents which occurred on April 7, 1992. On that date, the prosecuting witness drove her car to meet and transport the Appellant in response to his telephone call to her for assistance. Upon arriving at the parking area outside of Appellant's apartment building, Appellant urged the prosecuting witness to return to him and end their status of separation.[5] The prosecuting witness informed Appellant that she would not return to him, and asked him to get out of the car after she perceived that he was becoming enraged. Appellant grabbed the prosecuting witness about her throat with both hands and began to hit her head against the arm rest of the passenger-side door, and asked if she wanted to know how it feels to die. At some point during the altercation, the prosecuting witness became unconscious and did not regain consciousness for some time thereafter. The prosecuting witness sustained bruises on her neck and bumps on her head as a result of the incident.

The above causes of action were consolidated and, following a bench trial on April 30, 1993, Appellant was found guilty on three counts of battery and one count of criminal mischief for which consecutive sentences were imposed.[6]

---

1. Appellant was convicted of three separate counts of battery for incidents occurring on December 7, 1991, March 30, 1992, and April 7, 1992. Nevertheless, he appeals the guilty judgment only with respect to the April 7th incident.

2. Ind.Code 35–42–2–1(1)

3. Ind.Code 35–43–1–2(a)

4. While Appellant was charged with the class A offense, the court below found him guilty of the lesser included class B offense. The court concluded that although Appellant did recklessly damage a tire on Julie Martin's (the prosecuting witness) car, it was not shown beyond a reasonable doubt that such damage had amounted to at least a two-hundred-fifty-dollar ($250) loss as is required for class A misdemeanor Criminal Mischief.

5. Appellant and the prosecuting witness were married but not cohabiting when each of the above charges was filed.

6. Under the first cause, Appellant was sentenced to 365 days in jail, with 305 days suspended on the first count, and 180 days in jail with 120 days suspended on the second count. The sentences were ordered to run concurrently.

Under the second cause, Appellant was sentenced to 365 days, with all suspended and one year probation. The sentence was ordered to run consecutively to the first cause.

Under the third cause, Appellant was sentenced to 365 days in jail, with 90 days suspend-

Appellant presents the following restated issues for our review:

I. Was there sufficient evidence to find Appellant guilty of battery beyond a reasonable doubt for incidents occurring during his altercation with the prosecuting witness on April 7, 1992?

II. Did the trial court properly apply Indiana law governing the imposition of consecutive sentences?

## I.

■ Appellant contends that the evidence presented fails to establish that he committed battery against the prosecuting witness on April 7, 1992. Indiana defines battery as follows:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if it results in bodily injury to any other person...." Ind.Code § 35–42–2–1.

The standard of review for a claim of insufficient evidence is well established. A conviction will be affirmed if, "considering only the probative evidence and reasonable inferences supporting the verdict without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt." *Utley v. State* (1992), Ind., 589 N.E.2d 232, 241, *cert. denied,* —— U.S. ——, 113 S.Ct. 991, 122 L.Ed.2d 142. Furthermore, circumstantial evidence alone may support a conviction. *Id.*

Appellant cites *Faison v. State* (1981), Ind. 428 N.E.2d 784, among other authority, as an exception to the above standard of review. In *Faison,* the court opined that "[t]here is an exception to the general rule we view evidence in the light most favorable to the State and do not judge the credibility of witnesses in determining a sufficiency ques-

tion." *Id.* at 785. Nevertheless, the *Faison* court continued that "[i]n such cases we do not judge the credibility of witnesses as such; we simply exclude the evidence from consideration because it is completely incredible." *Id.* In the case at bar, we cannot agree that the evidence to which Appellant is opposed is of such quality as to render it wholly void of credibility. The exception is, therefore, inapplicable in the present instance.

Appellant maintains, among other things, that the prosecuting witness became unconscious after she began screaming and making unintelligible sounds during their altercation on the date in question. He further asserts that any injury sustained by the prosecuting witness may have resulted from his beneficent efforts to resuscitate her.

On the other hand, the prosecuting witness testified that it eventually became difficult for her to breathe after Appellant began hitting her head against the arm rest and choking her. One of Appellant's neighbors (neighbor) testified that on the evening of the incident, she heard Appellant's call for help and observed Appellant having difficulty gaining entry into the outer doorway of his apartment building while carrying the prosecuting witness in his arms. The neighbor further testified that, after entering the apartment, Appellant lay the prosecuting witness "across his knees and kind of took her face and smacked her to try to get her around." *Record* at 223. The neighbor also testified that the prosecuting witness appeared to be flushed, curled in a fetal position, and gasping for air. The prosecuting witness also testified that she did not have a seizure on April 7, 1992, and never had one before that date.

Such combined testimony is not so inherently improbable as to require this court to upset the trial court's judgment. It was certainly reasonable to infer from the testimony that Appellant did batter the prosecuting witness and caused her to be in the

ed, and one year probation. The sentence was ordered to run consecutively to the sentences in

the first and second causes.

condition in which she was observed. Accordingly, we decline to grant Appellant's petition to enter the trial court's province in weighing witnesses' testimony.

The evidence is sufficient to support Appellant's conviction of battery for incidents flowing from his altercation with the prosecuting witness on April 7, 1992.

## II.

■ Appellant also argues that because prosecution of the first battery charge had been withheld pursuant to the diversion agreement, there were no charges pending when the second battery was committed; therefore, the trial court improperly imposed consecutive sentences for those two offenses. On the other hand, the State argues as follows:

> "The agreement does not expunge the charge from the Defendant's record; rather it is a means by which the prosecution withholds action on the charge contingent upon the Defendant's compliance with its terms. This agreement does not remove the fact that the Defendant had been charged with battery, and was released on bond from that charge at the time he battered Julie Martin in March and April of 1992. Therefore, it has no effect upon the statutory requirement that the trial court order the Defendant's sentences be served consecutively." Appellee's Brief at 9.

The trial court imposed consecutive sentences pursuant to Ind.Code § 35–50–1–2 which provides as follows:

(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed. *Id.*

In light of the issue presented, we are obliged to interpret the above statute. We must determine whether Appellant was, in fact, released on bond for the first charge after his agreement to participate in the pretrial diversion program when the subsequent charges were filed.

The form and substance of appearance bonds are governed by Ind.Code § 27–10–2–10, which provides in pertinent part that:

(a) Recognizances for the appearance of prisoners shall in all cases and in all courts be in writing, ... and be substantially in the following form:

We, A B and C D, jointly and severally acknowledge ourselves bound to the state of Indiana.... If A B (the prisoner) shall appear on the ___ day of ___, 19___, in the ___ court, to answer a charge of ... until **the cause is determined** ..., then this recognizance shall be void....

(c) For the purposes of this article, a **cause is determined when a:**

...

(5) defendant has been ordered or admitted to a diversion program. *Id.* (emphasis added).

The appearance bond upon which Appellant had been released did substantially conform with the statute and its operative provisions. The cause herein was determined when the appellant was ordered to, and admitted in, a behavioral modification program. The appearance bond was therefore abrogated.

While paragraph (a) of I.C. § 35–50–1–2 provides courts with the discretion to impose consecutive sentences, the trial court stated that it was required to impose consecutive sentences as a matter of law because "the

charges happened after he had already had his initial hearings on a previous charges [sic]." *Record* at 278. Although we do not discern the precise statutory provision upon which the trial court relied, the unequivocal import of the trial court's statement is that consecutive sentences were imposed pursuant to the mandatory component of I.C. § 35–50–1–2. Since Appellant was not on probation, parole, or serving a term of imprisonment, nor released on his own recognizance or on bond for the first charge when he committed the second and third crimes, the trial court was not statutorily required to impose consecutive sentences. We therefore find that the trial court was in error when it concluded that Appellant's sentences were required to be served consecutively.

Appellant's conviction is affirmed, and the cause remanded for resentencing.

SULLIVAN and BARTEAU, JJ., concur.