John MARTIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9308–CR–436.

Court of Appeals of Indiana,
Second District.

Jan. 18, 1995.

William F. Thoms, Jr., Indianapolis, for appellant.

Pamela Carter, Attorney General, Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON REHEARING

FRIEDLANDER, Judge.

On September 6, 1994, this court affirmed John Martin's conviction of three counts of battery, but remanded the cause for resentencing. *See Martin v. State* (1994), Ind. App., 638 N.E.2d 1349. The trial court had imposed consecutive sentences for the three battery convictions. At the original sentencing, the trial court stated that it was required to impose consecutive sentences because Martin was "on bond", within the meaning of Ind.Code 35–50–1–2, for the first battery offense at the time he committed the second and third batteries. We remanded for resentencing after construing I.C. 35–50–1–2 and determining that Martin was not "on bond" within the meaning of that statute at the time of the second and third batteries. The State petitions for rehearing upon that issue only. Upon reconsideration, we find the State's position well taken and grant the Petition for Rehearing.

According to Ind.Code 35–50–1–2(b)(2)(B), a person *shall* be sentenced to consecutive sentences "[i]f, after being arrested for one (1) crime, a person commits another crime ... while the person is released ... on bond." In our original opinion, we concluded that the agreement to withhold prosecution pending Martin's performance of certain conditions "determined" the cause within the meaning of Ind.Code 27–10–2–10. We held that, with the cause thus determined, the bond was abrogated and the mandatory consecutive sentence provision of I.C. 35–50–1–2 was not applicable. Upon reconsideration, we conclude that we were in error in resorting to the provisions of I.C. 27–10–2–10 to resolve the issue.

I.C. 27–10–2–10 regulates the form of recognizances and affidavits to which bail

bondsmen must adhere, but does not otherwise address the vitality of a bond. Accordingly, I.C. 27–10–2–10 is the proper resource for questions regarding a bond's form. Martin's appeal, however, does not pose such a question. Rather, the question is whether Martin was "on bond" within the meaning of I.C. 35–50–1–2 in view of the agreement to withhold prosecution.

Our legislature has set out the penalties to be imposed upon conviction of particular criminal offenses. For each class of infractions the legislature has identified a presumptive sentence, which may be shortened or lengthened based upon specified criteria. In addition, under certain circumstances trial courts may order that sentences for multiple convictions be served consecutively. Such cases fall into two categories: those in which a trial court may, at its discretion, order consecutive sentences, and those in which the court *must* impose consecutive sentences. The two categories, i.e., discretionary and mandatory, share a common philosophical underpinning. Our legislature has determined that, in particular circumstances, a person's criminal actions merit enhanced punishment.

One such circumstance is the commission of a criminal act at a time when another criminal matter remains ongoing, i.e., has not been finally resolved through acquittal, dismissal of charges, or fully serving the sentence. This includes cases in which persons commit crimes while on probation for another offense or while subject to an appearance bond for a different charge. We now conclude that a bond is abrogated when the bonded person is no longer subject to obligations imposed by the bond. In the criminal context, the condition usually required of the bonded person is appearance at trial or hearing. Upon the happening of that condition, the bond is extinguished. It is at this point, when the bond is extinguished, that a person is no longer "on bond" within the meaning of I.C. 35–50–1–2.

In the instant case, Martin was charged with the first battery offense and released on bond. While Martin was on bond, the State and Martin executed an Agreement to Withhold Prosecution, whereby Martin agreed to participate in a behavior modification diversion program and refrain from contact with the victim. If Martin satisfactorily performed these conditions, the State agreed to dismiss the charges. The Agreement further provided that the State would withdraw from the arrangement and proceed with prosecution if Martin failed to complete his obligations as set out in the Agreement. The attachment of conditions rendered the charges against Martin ongoing, and not finally resolved. Had Martin performed the conditions called for in the Agreement, the charges would have been dismissed and the bond extinguished. Until such time, however, Martin remained subject to the appearance bond. The continued existence of the bond is reflected by the fact that the bond was finally forfeited on September 24, 1992, when Martin failed to appear at the omnibus hearing set for that date.

When a person charged with a criminal offense is subject to an appearance bond and has entered into an agreement to resolve the charges upon the defendant's performance of conditions, and the agreement is revocable for failure to perform the conditions, we hold that the person is "on bond" within the meaning of I.C. 35–50–1–2 until the defendant fully performs the conditions.

We therefore affirm the imposition of consecutive sentences and remand this cause with instructions to reinstate Martin's sentence as originally imposed. In all other respects, our September 6, 1994 opinion remains unchanged.

SULLIVAN and BARTEAU, JJ. concur.