**Ricki CHRISTMAS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A04–0401–CR–11.**

Court of Appeals of Indiana.

July 22, 2004.

John P. Wilson, Wilson, Green & Cecere, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### OPINION

MATHIAS, Judge.

Ricki Christmas ("Christmas") was convicted of Class A misdemeanor resisting law enforcement in Johnson Superior Court and sentenced to serve 365 days in the Department of Correction. He was also ordered to serve that sentence consecutive to a sentence he received for a Class A misdemeanor trespassing conviction. Christmas appeals and argues that the trial court erred when it sentenced him to consecutive sentences without finding at

least one aggravating circumstance. Concluding that the trial court was required to impose consecutive sentences pursuant to Indiana Code section 35–50–1–2(d), we affirm.

### Facts and Procedural History

On July 5, 2001, Christmas was arrested for trespassing. On July 11, 2001, Christmas entered into an agreement to withhold prosecution in the Franklin City Court and admitted to the offense of criminal trespass. One of the conditions of the agreement provided that Christmas would not commit any criminal offense during the next two years.

In the course of a conversion investigation during July 2001, Whiteland Police Officer Jason Davis ("Officer Davis") obtained a warrant for Christmas's arrest. On July 24, 2001, Officer Davis observed Christmas near the Whiteland Town Hall and ordered Christmas to stop so that he could serve the arrest warrant. Christmas failed to stop and kept walking despite Officer Davis's repeated commands to stop. Officer Davis therefore grabbed Christmas and told him that he had a warrant for Christmas's arrest. Christmas struggled and attempted to pull away; however, Officer Davis was eventually able to put Christmas in handcuffs and take him into custody. Christmas was subsequently charged with Class A misdemeanor resisting law enforcement.[1]

On August 5, 2003, a bench trial was held on both the Class A misdemeanor resisting law enforcement charge filed under cause number 41D03–0202–CM–30 and the Class A misdemeanor trespassing charge filed under cause number 41D03–0202–CM–31.[2] The trial court found Christmas guilty as charged. A sentencing hearing was held on September 18, 2003. For the trespassing conviction, the trial court sentenced Christmas to 365 days with 30 days executed and the remainder suspended to probation. The trial court then ordered Christmas to serve 365 days in the Department of Correction for the Class A misdemeanor resisting law enforcement conviction and ordered that sentence to be served consecutive to his sentence for trespassing.[3] Christmas now appeals.

### Discussion and Decision

Citing *Ortiz v. State*, 766 N.E.2d 370, 377 (Ind.2002), Christmas argues that the trial court erred when it ordered his sentence for Class A misdemeanor resisting law enforcement to be served consecutive to his sentence for Class A misdemeanor trespassing without finding at least one aggravating circumstance.[4] Br. of Appellant at 7–8.

While we agree that a trial court must find at least one aggravating circumstance in exercising its discretionary authority to impose consecutive sentences, in certain circumstances the imposition of consecutive sentences is mandated by statute.

---

1. This charge was initially filed in the Magistrate Court, but was later transferred to Johnson Superior Court No. 3.

2. This charge was also transferred from the Magistrate Court after the State resumed prosecution following Christmas's violation of the agreement to withhold prosecution.

3. The sentence for resisting law enforcement was also ordered to be served consecutive to a sentence Christmas received after pleading guilty to Class C felony child molesting in the Fall of 2002.

4. Christmas concedes that "a trial court is not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on a misdemeanor conviction." *See Cuyler v. State*, 798 N.E.2d 243, 246 (Ind.Ct.App.2003), *trans. denied* (citing *Stewart v. State*, 754 N.E.2d 608, 613 (Ind.Ct.App.2001)).

Indiana Code section 35–50–1–2(d) provides:

> If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
> (A) upon the person's own recognizance; or
>
> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code § 35–50–1–2 (1998 & Supp.2003).

In his brief, Christmas contends that because he entered into an agreement to withhold prosecution on July 11, 2001, he was not on bond or being actively prosecuted for trespass on July 24, 2001, the date he committed resisting law enforcement.[5] Br. of Appellant at 9. Further, he argues that a strict construction of Indiana Code section 35–50–1–2, which does not refer to pretrial diversion agreements, "would therefore compel the conclusion that the statute does not apply in the case of pretrial diversion." *Id.*

In *Martin v. State,* 645 N.E.2d 1100, 1102 (Ind.Ct.App.1995), our court concluded that a person subject to an appearance bond who later enters into an agreement to withhold prosecution is "on bond" within the meaning of Indiana Code section 35–50–1–2. Specifically, we stated:

> When a person charged with a criminal offense is subject to an appearance bond and has entered into an agreement to resolve the charges upon the defendant's performance of conditions, and the agreement is revocable for failure to perform the conditions, we hold that the person is "on bond" within the meaning of I.C. 35–50–1–2 until the defendant fully performs the conditions.

*Id.* In reaching that conclusion, our court observed that the General Assembly has determined that a person's criminal actions merit enhanced punishment when the person commits a criminal act during a time when that person has another criminal matter which remains ongoing. *Id.* Further, we noted that the agreement to withhold prosecution provided that if Martin failed to complete his obligations as set forth in the agreement, the State would proceed with prosecution; therefore, the attachment of conditions in Martin's agreement to withhold prosecution rendered the charges against him ongoing and not finally resolved. *Id.*

Similar to the agreement in *Martin,* in this case, the agreement to withhold prosecution lists several conditions requiring Christmas's compliance, including that Christmas "shall commit no criminal offense during the next 2 years." Ex. Vol., State's Ex. 1. The agreement also states that Christmas's failure to comply with any term of the agreement will result in "the agreement being set aside by the State which will proceed with prosecution of this matter." *Id.*

In *Martin,* the evidence established that Martin was released on bond at the time he entered into the agreement to withhold prosecution. 645 N.E.2d at 1102. However, in this case, the record does not clearly indicate whether after his July 5, 2001 arrest for trespassing, Christmas was released on his own recognizance or on bond.

---

**5.** However, we note that at the sentencing hearing, Christmas's counsel agreed with the State that the trial court was required to impose consecutive sentences. Tr. pp. 184–85.

Regardless, as our court did in *Martin*, we conclude that the trespassing charges against Christmas remained ongoing and not finally resolved. Accordingly, we hold that on the date of his arrest for resisting law enforcement, Christmas was either "released on his own recognizance" or "on bond" within the meaning of Indiana Code section 35–50–1–2, and therefore, the trial court properly ordered Christmas's sentences for trespassing and resisting law enforcement to be served consecutively.

Affirmed.

BARNES, J., and CRONE, J., concur.