**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 18 2012, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN A. OGLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  89A01-1202-CR-55 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd, Jr., Judge
Cause No. 89D01-1105-FB-30

October 18, 2012

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Bryan A. Ogle appeals the fifteen-year sentence that was imposed following his conviction for Robbery,[1] a class B felony, and the twenty-year enhancement on that offense for being a Habitual Offender.[2] Specifically, Ogle argues that the sentence for robbery is inappropriate in light of the nature of the offense and his character. Ogle also maintains that the twenty-year enhancement on the habitual offender count violates the proportionality provision of Article I, section 16 of the Indiana Constitution, in that the "nature of his present offense and his prior offenses do not support the trial court's imposition of a twenty year sentence." Appellant's Br. p. 11.

The State cross-appeals, claiming that because Ogle was on parole for a previous robbery, this cause should be remanded with instructions for the trial court to order Ogle's sentence in this case to run consecutively to that which might be imposed as a result of the parole violation in the previous robbery.

We conclude that Ogle was properly sentenced on both the robbery and habitual offender counts. However, we also find that the trial court should have ordered the sentences to run consecutively as the State claims. Thus, we affirm the judgment and remand this cause to the trial court for a correction of the sentence.

## FACTS

On the morning of April 29, 2011, Ogle and Travis Phillips arranged to meet at Miller's Car Lot (Miller's) in Richmond. Ogle was planning to rob the Check Into Cash

---

[1] Ind. Code § 35-42-5-1.

[2] Ind. Code § 35-50-2-8.

store (the Store) on Main Street in Richmond and wanted Phillips to drive him there and wait for him at a nearby location. In exchange, Ogle planned to give Phillips some of the robbery money.

The two met and Phillips drove them both to the Store. Phillips noticed that Ogle was carrying a pistol. At some point, Ogle exited Phillips's vehicle and ran toward the store. Darris and Kirstian Copeland (the Copelands), who were behind Phillips's vehicle, saw Ogle exit the car and run toward the business. Phillips then drove to the pre-arranged location and waited.

Ogle walked into the Store, waved his gun at everyone inside, and ordered them to lie on the floor. Ogle took the manager, Peggi Bower, around to the cash drawers, jammed the gun into her back, and forced her to remove the currency. After emptying the cash drawers, Ogle told everyone not to move or follow him. Ogle then fled the Store with $3400 and met Phillips. Phillips drove Ogle to a construction company and dropped him off there.

Ogle was eventually apprehended and charged with two counts of class B felony robbery and with being a habitual offender. Following a jury trial, Ogle was found guilty as charged. Ogle then admitted to being a habitual offender.

At the sentencing hearing that was conducted on January 19, 2012, the trial court considered the presentence investigation report, the evidence presented and the arguments of counsel. The trial court merged the conviction for Count I, class B felony robbery, into the conviction for Count II, class B felony robbery. The trial court

identified Ogle's criminal history, a probation violation, and the fact that he committed the instant offense while on parole for a previous class B felony robbery conviction, as aggravating circumstances. The trial court identified the hardship that incarceration would have on Ogle's dependents, his admission to being a habitual offender, and his age, as mitigating factors.

After determining that the aggravating factors outweighed the mitigating circumstances, the trial court sentenced Ogle to fifteen years of incarceration on the robbery count and enhanced that conviction by twenty years for being a habitual offender. Thus, Ogle was sentenced to an aggregate term of thirty-five years. Ogle now appeals and the State cross-appeals.

DISCUSSION AND DECISION

I. Inappropriate Sentence

As noted above, Ogle maintains that his sentence is inappropriate. Specifically, Ogle argues that his sentence must be set aside because the "nature of the underlying offense was not atypical of any other robbery," and his character "is not such that he could be considered one of the worst of the worst." Appellant's Br. p. 6.

Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his or her sentence is inappropriate. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified

4

on reh'g., 875 N.E.2d 218 (Ind. 2007). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008).

In considering the nature of the offense, we note that robbery as a class B felony is a crime of violence. I.C. § 35-50-1-2(a)(12). Ogle was at the Store approximately two days before returning to commit the robbery. Ogle acted alone in planning and committing the robbery and enlisted Phillips to drive in exchange for some of the money from the robbery. Tr. p. 526, 909-14. Both Ogle's planning and premeditation, along with his role as the primary actor, enhance the severity of the offense and renders his sentence appropriate. Simmons v. State, 814 N.E.2d 670, 679 (Ind. Ct. App. 2004).

Ogle's conduct during his commission of the crime also exacerbates the nature of the offense. As noted above, Ogle waived a handgun around and ordered the occupants of the Store to get on the floor. Tr. p. 675-76, 687-88, 901. Ogle jammed the gun into Bower's back, placing her in fear. Ogle then walked Bower to the cash drawers and ordered her to give him all the money. Id. at 901-02, 905. In light of these circumstances, Ogle cannot successfully claim that the nature of the offense warrants the imposition of a lesser sentence.

Turning to Ogle's character, we note that Ogle committed his first criminal offense when he was nineteen years old. In the six years between Ogle's first crime and the commission of the instant offense, Ogle incurred two class B felony convictions and a

class D felony conviction that was reduced to a class A misdemeanor for sentencing purposes. PSI at 3-4. In 2007, Ogle pleaded guilty to robbery, a class B felony and was sentenced to eight years of incarceration. Id.; Tr. p. 1213-16. The probation that Ogle was serving on a conspiracy to deal cocaine conviction that occurred in 2005 was revoked. Ogle was also later paroled on a robbery conviction and was still on parole when he committed the instant robbery offense.

Ogle has spent nearly four years in prison, and even at his young age, his criminal history shows that his character is that of a career criminal who is likely to re-offend. Ogle's criminal history demonstrates that he has learned nothing from his prior contact with the criminal justice system and he has failed to take advantage of the opportunities to reform and stop committing crimes. In short, Ogle has failed to show that his sentence is inappropriate. As a result, we decline to set Ogle's sentence aside.[3]

## II. Proportionality

Ogle also claims that the twenty-year enhancement that was imposed on the habitual offender count is not proportionate to the nature of the offense that was charged.

---

[3] As an aside, we note that while Ogle points out that the trial court used his criminal history to support the imposition of the fifteen-year sentence for robbery and suggests that the criminal history was used again, improperly, to establish that he was a habitual offender, he fails to direct us to any authority to support this proposition. In fact, our Supreme Court has determined that when a trial court uses the same criminal history as an aggravating factor and as support for the habitual offender finding, there is no impermissible double enhancement of the sentence. Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008).

More particularly, Ogle claims that the sentence violates Article I, section 16 of the Indiana Constitution.[4]

The proportionality analysis of a habitual offender penalty has two components: (1) we should inquire into the "nature" and gravity of the present felony; and (2) we should consider the "nature" of the predicate felonies upon which the habitual offender sentence is based. Chappell v. State, 966 N.E.2d 124, 133, n.7 (Ind. Ct. App. 2012), trans. denied.

As discussed above, robbery as a class B felony is a crime of violence. I.C. § 35-50-1-2(a)(12). Ogle acted alone in planning and committing the crime, pointed his gun at the people in the store, and ordered them to lie on the floor. Tr. p. 675, 687-88, 901. He jammed his gun into the manager's back and forced her to remove the currency from the cash drawers. Id. at 901-02. The circumstances here, including Ogle's planning and premeditation of the robbery, and his role as the primary actor in the offense, render the twenty-year enhancement on the habitual offender count proportionate to the offense that was charged.

The nature of the predicate felonies upon which the habitual offender enhancement is based is equally severe. The prior felonies that the State based the habitual offender count on were Ogle's conviction of class B felony conspiracy to deal in cocaine in 2005 and the class B felony robbery conviction in 2007. Id. at 1135-36. In short, Ogle was convicted of two serious class B felonies within a two-year period of

---

[4] Article I section 16 states that "[a]ll penalties shall be proportioned to the nature of the offense."

7

time.  Moreover, Ogle was on parole for the 2007 robbery conviction when he committed the instant robbery in 2011.   Ogle has acquired a serious criminal history in a short period of time, including two consecutive class B felony robbery convictions.

Under these circumstances, the nature of Ogle's present offense and his prior offenses support the trial court's decision to impose the twenty-year enhancement for being a habitual offender.

### III.  Cross-Appeal

The State contends on cross-appeal that the trial court is required to correct its sentencing order to reflect that Ogle must serve the sentence in this case consecutively to any sentence that may be imposed on the parole violation regarding the prior robbery. The State maintains that Ogle is required to serve consecutive sentences because he was on parole when he committed the instant offense.

In resolving this issue, we note that Indiana Code section 35-50-1-2(d) provides that

> (d) If, after being arrested for one (1) crime, a person commits another crime:
>
> > (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
> >
> > (2) while the person is released:
> >
> > > (A) upon the person's own recognizance; or
> > >
> > > (B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

In this case, Ogle pleaded guilty to class B felony robbery and was sentenced to eight years of incarceration for that offense on July 10, 2007. PSI at 3. Ogle was on parole in that case when he committed the instant offense on April 29, 2011. Appellant's App. p. 285; Tr. p. 1218-19. Because Ogle was on parole when he committed this robbery, Indiana Code section 35-50-1-2(d) compels the trial court to order the sentence in this case to run consecutively to that ordered as a result of the parole revocation in the prior case. Thus, we remand this case with instructions that the trial court order the sentence in this case to be served consecutively to the sentence that might be imposed as a result of a parole violation in the prior robbery. Barnett v. State, 834 N.E.2d 169, 173 (Ind. Ct. App. 2005); Christmas v. State, 812 N.E.2d 174, 176-77 (Ind. Ct. App. 2004).

The judgment of the trial court is affirmed and remanded for correction of the sentence.

ROBB, C.J., and BRADFORD, J., concur.

9