## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2016, 8:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristina J. Jacobucci
Newby, Lewis, Kaminski & Jones
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emily J. Karnes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 17, 2016

Court of Appeals Case No.
46A04-1506-CR-554

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1309-FB-292

**Mathias, Judge.**

[1]     Emily Karnes pleaded guilty in LaPorte Circuit Court to Class B felony robbery. Karnes appeals and argues that the trial court abused its discretion

when it ordered her sentence to be served consecutively to sentences previously imposed in two other counties. Concluding that the trial court improperly imposed a consecutive sentence without clearly articulating the existence of an aggravating circumstance to support the imposition of such a sentence, we reverse and remand.

## Facts and Procedural History

[2] In 2013, Karnes committed a string of robberies to obtain money to fund her heroin addiction. The first of these occurred on August 17 of that year, when Karnes went inside a check-cashing and payday loan establishment in LaPorte County, Indiana, and requested an employment application. When the manager went to retrieve the application, Karnes pulled out a gun, pointed it at the manager's face, and demanded money. Karnes stated that if she was given all the money, she would not hurt anyone. The manager complied and gave Karnes $1,163. Karnes then put the gun away and fled. On August 26, Karnes committed another robbery in Hendricks County. On that same day, she committed yet another robbery in Tippecanoe County.[1]

[3] The instant appeal involves the LaPorte County robbery described above, the first in the string of robberies Karnes committed. On September 6, 2013, the State filed an information in LaPorte County charging Karnes with Class B felony robbery while armed with a deadly weapon. While these charges were

---

[1] The transcript indicates that Karnes committed other crimes in Michigan and Kentucky as a part of her crime spree. She was eventually located and arrested in Alabama with her boyfriend.

pending, Karnes pleaded guilty to Class B felony robbery in Hendricks County and was sentenced on February 24, 2014, to nine years executed and three years suspended to probation. On December 5, 2014, Karnes pleaded guilty in Tippecanoe County to Class B felony robbery and was given a similar sentence: nine years executed and three years suspended to probation. The trial court in Tippecanoe County ordered the sentence in that case to be served consecutive to the sentence imposed in Hendricks County.

[4] In LaPorte County, Karnes pleaded guilty as charged and was sentenced on April 17, 2015. The trial court found two mitigating factors:

> 1. Defendant has no history of delinquent or criminal activity and has led a law-abiding life for a substantial period before the commission of the crime.
>
> 2. Defendant's current character and attitudes indicate that she is unlikely to commit another crime.

Appellant's App. p. 55.

[5] The trial court stated several times during the sentencing hearing that it found no aggravating circumstances. *See* Tr. p. 66 ("I think there's a lot of mitigators and not any aggravators."); Tr. p. 68 ("What about aggravators? I don't see any. Do you?"); Tr. p. 73 ("I'm sentencing her as a first-time offender with some mitigators and no aggravators."); Tr. p. 74 ("I do not find any aggravators."). The court also explicitly found in its sentencing order that "The Court finds no aggravating factors." Appellant's App. p. 55.

[6] The trial court sentenced Karnes to the minimum sentence of six years with no portion of the sentence suspended. Despite Karnes's request to order her sentence to be served concurrently with the sentences imposed in Hendricks and Tippecanoe counties, the trial court ordered Karnes's sentence in the instant case to be *"consecutive to any sentences received under Cause Numbers 79D01-1308-FB-023 [the Tippecanoe County case] and 32D03-1308-FB-061 [the Hendricks County case]."* Appellant's App. p. 56. Karnes now appeals.[2]

## Discussion and Decision

[7] Karnes claims that the trial court abused its discretion by ordering her sentence to be served consecutively to the previously imposed sentences where the trial court also explicitly found no aggravating factors.

[8] Sentencing decisions are generally left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court or if the court misstates or misinterprets the law. *Wilson v. State*, 973 N.E.2d 1211, 1213-14 (Ind. Ct. App. 2012).

---

[2] Karnes filed a verified motion to file belated notice of appeal on May 27, 2015, which the trial court granted on that same day. Karnes filed her belated notice of appeal on June 5, 2015, and this appeal ensued.

[9] Consecutive sentences are governed by Indiana Code section 35-50-1-2(c), which states in relevant part:

> Except as provided in subsection (e) or (f)[3] the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court *may* consider the:
>
> > (1) aggravating circumstances in IC 35-38-1-7.1(a); and
> >
> > (2) mitigating circumstances in IC 35-38-1-7.1(b);
>
> in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. . . .

(emphasis added).[4]

[10] Although this statute provides that aggravating and mitigating circumstances "may" be a consideration in imposing concurrent or consecutive sentences, Indiana's case law has developed to make the finding of an aggravating circumstance a requirement before a consecutive sentence may be imposed. *Smylie v. State*, 823 N.E.2d 679, 686 n.8 (Ind. 2005).

---

[3] Neither of these subsections are applicable in the present case.

[4] Indiana Code section 35-50-1-2(c) further provides:

> However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10 (before its repeal) to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the period described in subsection (d).

Here, Karnes makes no claim that her robberies constituted an episode of criminal conduct. Even if she did, robbery as a Class A or B felony is a crime of violence pursuant to Indiana Code section 35-50-1-2(a)(12). Therefore, the episode-of-criminal-conduct provision does not apply.

The trial court here ordered Karnes's sentence in the instant case to be served consecutively to the sentences previously imposed in the other two counties. However, as noted above, the trial court explicitly found no aggravating circumstances. Karnes therefore argues with some force that the trial court erred in ordering her sentence to be served consecutively.

The State argues that the trial court effectively found an aggravating factor when it discussed the issue of consecutive and concurrent sentences with Karnes's trial counsel in the following colloquy:

> THE COURT: The other question I have is: In Hendricks County they took the time she had up to the sentencing date. The Tippecanoe County Court is silent. Did they not give her —
>
> MR. PAYNE: It was consecutive, Judge. So she wouldn't get credit on the second case.
>
> THE COURT: All right. So the question is: As far as the DOC knows, she wasn't given any credit time since the sentencing in Hendricks County?
>
> MR. PAYNE: Exactly.
>
> THE COURT: So we can use all that time towards this.
>
> MR. PAYNE: No, because she's serving a sentence out of Tippecanoe right now.
>
> THE COURT: Well, and that's my point. The CCS says that she has all this credit time. She's not. So she doesn't have any credit time.
>
> MR. PAYNE: Well, if we sentence concurrently, absolutely she should have credit time. That's what I'm asking —
>
> THE COURT: *I'm not going to sentence concurrently.*
>
> MR. PAYNE: I'm asking the Court to make its own independent judgment as to what this crime is punishable by.

THE COURT: Right.

MR. PAYNE: What should she get? Sentence her to that amount concurrent to what she's received anywhere else.

THE COURT: No. It's clear that the other courts wanted their sentences to be consecutive to anything else she has. *This is the first one and she's going to get this sentence* and —

MR. PAYNE: Judge, we structured this plea to give the Court tremendous discretion.

THE COURT: I agree.

MR. PAYNE: For example, Judge, the Court could sentence her to, say, 14 years concurrent such that she would have an extra two years in addition to —

THE COURT: *I'm not going to sentence her concurrent to anything else. This was her first crime. It was independent of the other crimes. I'm not going to sentence her to anything concurrent to anything else.*

MR. PAYNE: That's within the Court's discretion.

THE COURT: I understand that. So let's get that part out. *Other than that,* I think there's a lot of mitigators and not any aggravators; but I want you to tell me what you think the mitigators are and the State tell me what they think the aggravators are before we get there.

Tr. pp. 64-66 (emphases added). The State argues that this exchange indicates that the trial court did find the fact that this was a separate crime as an aggravating factor. We disagree.

[13] Although the trial court noted that this was an independent crime, it did not find that to be an aggravating factor. Instead, after this colloquy, the trial court specifically and repeatedly stated that it found no aggravating factors, and even noted the lack of aggravating factors in its written sentencing order.

[14] We acknowledge that our supreme court has held that "criminal activity that occurs subsequent to the offense for which one is being sentenced is a proper sentencing consideration." *Sauerheber v. State*, 698 N.E.2d 796, 806 (Ind. 1998) (citing *Hoage v. State*, 479 N.E.2d 1362, 1366 (Ind. Ct. App. 1985)); *see also Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003). Furthermore, the existence of multiple crimes or victims constitutes a valid aggravating circumstance that may justify the imposition of consecutive sentences. *See O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001)). Thus, had the trial court actually found Karnes's convictions for subsequent crimes to be an aggravating factor, the imposition of a consecutive sentence would not have been an abuse of discretion. However, here, the trial court did not find the subsequent crimes and convictions to be aggravating factors and instead explicitly stated that there were no aggravating factors.

[15] We therefore conclude that the trial court was required to specifically identify an aggravating factor before it could properly impose a consecutive sentence. Where, as here, the trial court specifically finds no aggravating factors, the imposition of a consecutive sentence is improper. *See Brown v. State*, 442 N.E.2d 1109, 1118 (Ind. 1982) (holding that where trial court specifically found no aggravating or mitigating factors, imposition of consecutive sentences was improper); *see also Lewis v. State*, 755 N.E.2d 1116, 1127 (Ind. Ct. App. 2001) (holding that trial court erred in imposing consecutive sentences where the court failed to articulate any reason for imposing consecutive sentences).

## Conclusion

We conclude that the trial court abused its discretion when it ordered Karnes's six-year sentence to be served consecutively to the sentences previously imposed in the other counties because the trial court failed to specifically identify an aggravating factor that would support the imposition of a consecutive sentence and instead specifically and repeatedly found that there were no such aggravating factors. We therefore reverse the trial court's sentencing order and remand with instructions that the trial court enter an amended sentencing order directing that Karnes's six-year sentence be served concurrently with the sentences imposed in the other two counties. *See Brown*, 442 N.E.2d at 1118 (reversing and remanding with instructions to impose concurrent sentences where trial court found no aggravating factors to justify imposition of consecutive sentences).

Reversed and remanded with instructions.

Kirsch, J., and Brown, J., concur.